Smith *v.* Rowley.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]

---

ANNIE E. SMITH *vs.* SALMON B. ROWLEY.

The counsel for the respective parties stipulated, in open court, that the referee need not state specifically the facts found by him, but might state, generally, his conclusions, if the report should be in favor of the defendant. The referee reported simply that the plaintiff ought not to have or maintain her action against the defendant. *Held* that it must be assumed that the referee had found in favor of the defendant upon all the points in issue, where such finding was necessary to sustain the report.

The plaintiff's husband being charged by the defendant with embezzlement from him, to a large amount, she, at her husband's request, and, as she claimed, upon an understanding and implied agreement on the part of the defendant that he would refrain from prosecuting the husband, executed a conveyance of real estate to the defendant, but without any compulsion, or other duress than that arising from the circumstances. *Held* that this did not amount to a case of legal *duress.*

Smith *v.* Rowley.

*Held, also,* that although the deed might be void on the ground that it was executed in consideration of compounding a criminal offence, and was therefore contrary to the statute; yet that equity would not relieve the party who executed it upon or for such immoral and illegal consideration and purpose; both parties to the conveyance being in *pari delicto.*

APPEAL from a judgment entered on the report of a referee, dismissing the plaintiff's complaint in an equity case.

*Holmes & Fitts,* for the appellant.

*Murray & Greene,* for the respondent.

*By the Court,* TALCOTT, J. This is an action to set aside a conveyance of certain premises in Lockport, conveyed by the plaintiff—a married woman—to the defendant. The counsel for the respective parties stipulated, in open court, that the referee need not state specifically the facts found by him, but might state generally his conclusions, if the report should be in favor of the defendant. And the referee reported simply that the plaintiff ought not to have or maintain her action against the defendant. It must be assumed that the referee has found in favor of the defendant upon all the points in issue, where such finding is necessary to sustain the report. The action is brought upon the alleged ground that the conveyance was obtained from the plaintiff by duress and undue influence. The referee was fully justified by the evidence in behalf of the defendant, if he credited it, instead of that of the plaintiff, in negativing the material allegations on which the plaintiff relied.

The case made by the plaintiff herself, on her own testimony, does not amount to a case of legal duress. From her evidence it appears that her husband was charged by the defendant with embezzlement from him, to a large amount, and she claims that she executed the deed in question under an understanding and implied

Smith *v.* Rowley.

agreement on the part of the defendant that in case she executed the deed in question the defendant would refrain from prosecuting the husband of the plaintiff for the embezzlement.

There appears to be no reason to suppose but that the husband had been guilty of the embezzlement, and sub stantially admitted it, and the wife, upon his request, and as she claims upon the understanding aforesaid, but without any compulsion or other duress except that arising from the circumstances, executed the deed.

If her story is correct, the deed would seem to be void on the ground that it was executed in consideration of compounding a criminal offence, and was contrary to the statute. (2 *R. S.* 692, § 12.) But though the deed may be void for such reason, equity does not relieve the party who executed it upon or for such immoral and illegal consideration and purpose. Both parties to the conveyance being in *pari delicto* if the plaintiff's version of the affair is correct, she must get her remedy, if she can, at law, in an action of ejectment. It is but just to the defendant to say that he denies any agreement or understanding to the effect that he would refrain from prosecuting the plaintiff's husband, and that he claims, and the evidence in his behalf tended to show, that a large part of the property conveyed by the plaintiff was acquired by the investment of the embezzled funds; and that in obtaining the deed he was only seeking restitution so far as he could obtain it, and that the conveyance was placed upon that ground by all parties. The rulings on the admission of testimony, whether erroneous in any particular or not, were wholly immaterial, and could not have affected the result.

The judgment must be affirmed, with costs of the appeal to the respondent.

Judgment affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]