JAMES B. HAYNES, Respondent, *v.* JAMES H. RUDD, Appellant.

Where a person has voluntarily, *i. e.*, without the coercion of force or threats, given his promissory note to compound a crime, and has been compelled to pay the same, it having been transferred to a *bona fide* holder for value before maturity, he cannot maintain an action against the one to whom the note was so given to recover back the moneys paid.

As to whether one who aids in doing a criminal act can, under any circumstances, have an action to recover any thing paid by him in furtherance thereof, *quære.*

*Haynes* v. *Rudd* (17 Hun, 477), reversed.

(Submitted December 7, 1880 ; decided December 21, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made June 21, 1879, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 17 Hun, 477.)

The testimony in this cause was to the following effect : The plaintiff's son had been in the employ of the defendant as clerk, and it was claimed that he had feloniously taken and carried away money from his employer. A criminal prosecution was threatened, and to prevent it plaintiff gave his note for $250 to his wife, who indorsed it in such a manner as to charge her separate estate therewith, and delivered it to the defendant, who transferred it, before it was due, to a purchaser in good faith, to whom the plaintiff was obliged to pay it.

This action was brought to recover back the moneys paid. The questions presented arose upon the charge of the court, which is stated in the opinion.

*T. W. Collins* for appellant. An agreement to compound a felony is immoral and illegal. It involves criminality and moral turpitude, and all the parties thereto are equally guilty before the law, and are regarded as *in pari delicto*. (*Darmouth* v. *Bennett*, 15 Barb. 541 ; *Conderman* v. *Hicks*, 3 Lans. 108.) When the parties are *in pari delicto*, neither can have any remedy against the other ; nor can money paid by such a party upon a contract involving criminality and moral turpitude be reclaimed at law or in equity. (*Burt* v. *Place*, 6

Cow. 431 ; *Perkins* v. *Savage*, 15 Wend. 412 ; *Nellis* v. *Clark*, 20 id. 24 ; *Darmouth* v. *Bennett*, 15 Barb. 541 ; *Sharp* v. *Wright*, 35 id. 236 ; *Hill* v. *Northup*, 4 N. Y. Sup. Ct. 120 ; id. 300 ; *Woodworth* v. *Bennett*, 43 N. Y. 273 ; *Knowlton* v. *Congress & Empire Spring Co.*, 57 id. 518 ; *Loomis* v. *Cline*, 4 Barb. 453 ; *Gilmore* v. *Thompson*, 49 How. 198 ; *Collins* v. *Blanton*, 2 Wilson, 341 ; Story's Eq. Jur., § 379 ; *Smith* v. *Cuff*, 6 M. & Sel. 160 ; Chitty on Contracts, 635 ; *Worcester* v. *Eaton*, 11 Mass. 377.) Nor can it make any difference in the application of this principle that a note given upon such an agreement has subsequently been paid to a *bona fide* holder. (*Sharp* v. *Wright*, 35 Barb. 236, 238 ; *Gilmour* v. *Thompson*, 49 How. 198.)

*C. Mason* for respondent. The court committed no error in denying the motion for nonsuit. (*Mount* v. *Waite*, 7 Johns. 434 ; *Tracey* v. *Talmage*, 14 N. Y. 186 ; *Gilmour* v. *Thompson*, 49 How. 200.) The courts will not aid either party in enforcing an illegal executory contract. (*Nellis* v. *Clark*, 20 Wend. 24 ; *S. C.*, 4 Hill, 424.) No court will lend its aid to enforce the performance of a contract which contravenes the provisions of a positive law, or is contrary to public policy. (*Barton* v. *Pt. Jackson and Union Falls Pl'k R. Co.*, 17 Barb. 397 ; *Smith* v. *Albany*, 61 N. Y. 444 ; *Otis* v. *Harrison*, 36 Barb. 210.) The policy of the law and courts, in relation to corrupt and illegal contracts, is to leave the parties thereto to stand in the same position as they were at the time of the consummation of such illegal transaction. (*Nellis* v. *Clark*, 20 Wend. 24 ; 4 Hill, 424.) Whenever a contract is forbidden by the common law or by statute, no court will lend its aid to give it effect. (*Darmouth* v. *Bennett*, 15 Barb. 544 ; Chitty on Contracts, 570.) The law will not permit one to evade its requirements through schemes of his own, to obtain that of his adversary indirectly which he could not directly and legally enforce. (*Gilmour* v. *Thompson et al.*, 1 N. Y. Weekly Dig. 9.) A party cannot fortify his title to property by a sale, as the title to the proceeds upon sale will be the same as to the property before sale. (*Comstock* v. *Hier*, 73 N. Y. 269, 275.)

FOLGER, Ch. J. The judgment in this case should be re-versed. The trial court instructed the jury that if they found that the note was given on the illegal consideration of the compounding an alleged crime, it was void; that it had no legal force or effect, and the plaintiff was entitled to recover the amount of the note with interest. The trial court refused to instruct the jury that if there was no fraud, duress or undue influence on the part of the defendant, and that the note was given simply to compound a felony, then the plaintiff was not entitled to recover. We think this was error. If there was simply a compounding of felony, both plaintiff and defendant, on an equality, agreeing that the plaintiff should give his written promise to the defendant, and that, therefor, the defendant should give his oral promise to conceal the felony, and abstain from prosecuting it, and withhold the evidence of it, then they were *in pari delicto*, and the law will leave them where it finds them. (*Fivaz* v. *Nicholls*, 2 C. B. 501.) To give the plaintiff any claim to recover, he must show that he was in such plight from the force or threats of the defendant as that he was in duress, and gave the note without being willing to, to escape from the predicament in which that force or those threats put him. We will not now say, that one who aids in doing an act that is by the law made a criminal offense, may, in any circumstances, have an action to recover any thing paid by him in furtherance thereof; but we do say, that if he does it voluntarily, by which we mean without force or threats compelling his will, he may not maintain an action. The instruction and refusal of the trial court amounted to just the reverse of this and was erroneous.

The learned General Term seems to have overlooked the request to charge and refusal.

The judgment should be reversed and a new trial had, with costs to abide event.

All concur.

Judgment reversed.