THE METROPOLITAN LIFE INSURANCE COMPANY OF THE CITY
OF NEW YORK, Respondent, v. SARAH J. MEEKER, Im-
pleaded, etc., Appellant.

The fact that a woman is induced to act, by representations that such ac-
tion is all that will save her son from states prison, or by threats on his
part to commit suicide, does not, in a legal sense, constitute *duress.*

It is not essential that a plaintiff shall set up in his complaint, or by way
of reply, facts in rebuttal or avoidance of an affirmative defense, not a
counter-claim, set up in the answer. All that is requisite is that the com-
plaint state facts sufficient to make out a cause of action; and if the answer
sets up facts which if true would destroy that cause of action, plaintiff
may meet them by proof in rebuttal or avoidance.

(Argued March 18, 1881; decided April 19, 1881.)

THIS was an action to foreclose a mortgage of $5,000 upon
lands owned by defendant Sarah J. Meeker. The defense was
that the mortgage was paid and satisfied.

It appeared that Mrs. Meeker gave to her son the money
wherewith to pay the mortgage. He did in fact pay it, re-
ceived a satisfaction-piece thereof, which, with the mortgage, he
delivered to his mother. The satisfaction-piece was not filed,
and the son subsequently procured a certified copy of the mort-
gage, and by fraud induced the mortgagee to execute an as-
signment thereof to one Hodge, and an affidavit of its genu-
ineness, Hodge sold and assigned the same to one Knapp for
$4,500, the latter purchasing, without knowledge, upon the
strength of said affidavit, and a forged affidavit purporting to
have been made by Mrs. Meeker to the effect that the mort-
gage was a subsisting lien. The son of the latter received
the purchase-money. After the assignment to Knapp, Mrs.
Meeker learned of the fraud so perpetrated. She, there-
after, received from her son the greater portion of the money
he had obtained by the transaction, knowing that it was
so obtained, and consented that he retain for his own use the
residue. She also executed an instrument under seal by which
she consented to the extension of the time of payment of the
mortgage, and paid the interest thereon, knowing that it was
received as interest on the mortgage as a subsisting security.
Plaintiff purchased for a valuable consideration and took an
assignment of the mortgage from Knapp on the faith of the

papers, including the written instrument so executed by Mrs. Meeker, and without knowledge or suspicion of the fraud. *Held*, that Mrs. Meeker was estopped from alleging payment.

It was claimed by appellant that the transaction with Knapp was usurious. The court held, that as there was no finding or request to find upon which to base the objection, and as the transaction, as it appeared to Knapp, was simply the valid purchase of a chose in action with no intent to violate the usury law, the objection would not be considered here.

It was also claimed that Mrs. Meeker acted under duress; this was based upon the facts that her action was induced by representations that it was all that would save her son from State prison, and also by threats on his part to commit suicide. *Held*, that this was not, in any legal sense, *duress*.

It was claimed that the bond which accompanied the certified copy of the mortgage was not the original one, but was forged; also, that the court erred in receiving it in evidence without proof of its due execution. *Held* untenable, as the genuineness of the bond was immaterial. The court say: "It was enough in this case to show a paper in the likeness of a bond, and to prove that it was a part of the subject-matter to which the acts of the appellant had relation. It was the form of a security, which was nothing real, that the assignor of the plaintiff had, and it was to that that the conduct of the plaintiff applied, and it was that that she was estopped from denying was valid and subsisting."

It was also objected that the complaint did not set up the facts so claimed to be established, upon which the estoppel was based, and that, therefore, the judgment was based upon findings of fact not alleged in the complaint; also, that there was no amendment on the trial. *Held* untenable; that all that was required in the complaint was the allegation of facts, which, if undisputed, would make out a cause of action, and when the answer set up facts which if true would destroy that cause of action, plaintiff was not bound to reply, but could meet them on the trial by proof in rebuttal or avoidance.

*H. C. M. Ingraham* for appellant.

*Wm. H. Arnoux* for respondent.

FOLGER, Ch. J., read for affirmance.
All concur.
Judgment affirmed.