JAMES B. HAYNES, RESPONDENT, *v.* JAMES H. RUDD, APPELLANT.

*Duress — when threats of a lawful prosecution amount to duress — compounding a felony — when the parties are not* in pari delicto.

The defendant, in whose employ the plaintiff's son was, accused the latter of having embezzled money and proposed that the plaintiff should arrange the matter by giving his note, indorsed by his wife, for $250. The note was given and subsequently paid by the plaintiff to one who had acquired it in good faith before maturity. This action was brought to recover the amount so paid upon the ground that the execution of the note was procured by duress. Upon the trial evidence was given tending to show that the defendant attempted to influence the action of the plaintiff by operating upon his family pride, his fear of disgrace and his desire to save his son from the ruinous effects of a prosecution, and thereby induced him to execute the note.

*Held*, that such threats so made amounted to such duress or pressure as would avoid the contract thereby obtained.

That the fact that the note was given for the purpose of compounding a felony did not prevent the maintenance of the action as the parties were not *in part delicto*, the note having been procured from the plaintiff by duress.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Wayne Circuit.

*T. W. Collins,* for the appellant.

*W. R. Mason* and *L. M. Norton,* for the respondent.

SMITH, P. J.:

The plaintiff's son had been in the employ of the defendant and the latter complained to the plaintiff that his son had embezzled or feloniously taken money from his employer to the amount of several hundred dollars, and the defendant proposed that the plaintiff should arrange the matter by giving his note for $250, indorsed by the plaintiff's wife, so as to charge her separate estate. Accordingly, a note was made and indorsed as proposed, and delivered to the defendant who transferred it before maturity to a *bona fide* holder by whom it was prosecuted and collected of the plaintiff. This action was brought to recover the amount so collected on the ground that the defendant procured the note by duress. Evidence was given at the trial, on the part of the plaintiff, tending to show that the note was extorted from the plaintiff and his wife by threats made by the defendant to prosecute the plaintiff's son for the alleged crime, unless the note was given and by promises to forbear prosecution and to save him and his father's family from exposure and disgrace if the note should be executed. The jury rendered a verdict in favor of the plaintiff for the amount of the note with interest.

The plaintiff had a verdict on a former trial which was set aside by the Court of Appeals, by reason of the refusal of the trial judge to charge the jury that if there was no fraud, duress or undue influence on the part of the defendant, and the note was given simply to compound a felony, the plaintiff was not entitled to recover. (83 N. Y., 251.) That error was avoided on the trial now under review and the principal question before us is whether there is any evidence of duress or pressure, by means of threats and promises such as would avoid the note in the hands of the original payee.

We are to assume that the testimony on that issue, adduced by the plaintiff, was believed by the jury although controverted by the

defendant. That testimony very clearly warranted the conclusion that the defendant directly attempted to influence the action of the plaintiff by operating upon his family pride, his fear of family disgrace and his desire to save his son from the ruinous effects of a prosecution, whereby the plaintiff was induced to execute the note. The learned counsel for the appellant contends that as the threats proved were of nothing more than a lawful prosecution they did not constitute duress in a legal sense. But we think that when threats of a lawful prosecution are purposely resorted to for the purpose of overcoming the will of the party threatened by intimidating or terrifying him, they amount to such duress or pressure as will avoid a contract thereby obtained. *Eadie* v. *Slimmon* (26 N. Y., 9), as we understand the report of the case, is in point. (See, also, *Williams* v. *Bailey*, 35 L. J., Ch., 717.)

The fact that the note was not given until a week after the threats were made does not alter the case. It was simply a circumstance to be considered by the jury in determining whether the act was the direct consequence of the duress.

The appellant's counsel contends that the trial judge erred in refusing to charge as requested that if the compounding a felony entered into and formed a part of the consideration of the note the plaintiff could not recover; also, that if the plaintiff's motive in giving the note was in part to compound a felony he could not recover. The requests were refused properly we think. If the plaintiff's act was induced by duress on the part of the defendant the parties were not in equal position in the eye of the law. They were not in *pari delicto,* and the plaintiff may recover of the defendant notwithstanding each of them intended the compounding of a felony or the stifling of a prosecution. The case would have been very different if the plaintiff, believing the charge against his son to be true, had acted from a desire to save him, uninfluenced by threats or promises on the part of the defendant.

We are of the opinion that the judgment should be affirmed.

HARDIN and HAIGHT, JJ., concurred.

Judgment affirmed.