BETTY SCHOENER AND OTHERS, RESPONDENTS, *v.* MARX J. LISSAUER AND LEWIS H. SONDHEIM, APPELLANTS.

*Duress — when a contract will be set aside on the ground of — action for relief on account of, barred in six years — Code of Civil Procedure, sec. 382, sub. 5.*

The son of one Babet Marx, having been arrested upon the complaint of the defendants for embezzlement, his sister and other relatives had interviews with one of the defendants, who demanded $2,000, and stated that if it was not paid the boy must go to State's prison. In pursuance of an understanding between the parties these statements were communicated to Babet, an old woman, nervous and feeble in health. Overcome by the threats and acts of the defendants so communicated to her, she executed a bond and mortgage upon certain real estate owned by her, which was assigned to the defendants; the boy being then allowed to go at large upon his own recognizance.

*Held,* that the bond and mortgage might be set aside as having been procured by fraud and undue influence.

The bond and mortgage were given in May, 1873. Babet died September 22, 1879. This action to set aside the bond and mortgage, as procured through duress, was commenced September 25, 1879.

*Held,* that it was barred under subdivision 5 of section 382 of the Code of Civil Procedure, because not brought within six years from the time of the discovery of the facts constituting the fraud.

APPEAL from a judgment, entered in Onondaga county upon the decision of this action at a Special Term held in that county, declaring the bond and mortgage of $1,000 set out in the complaint to be void for duress, and ordering the same to be canceled and removed from plaintiffs' real estate.

The bond and mortgage were executed on May 21, 1873, together with an affidavit and certificate, by Babet Marx, the mother of plaintiff, to Samuel Joel, a clerk of defendants, and by him assigned to the defendants. Babet Marx died intestate September 22, 1879, owning, in fee, the real estate described in the complaint and mortgage. This action was commenced on September 25, 1879.

Garson Marx was, on the 9th of May, 1873, arrested in New York city on the complaint of the defendants, who charged him with embezzlement and larceny from them, amounting to fifty dollars. Subsequently they claimed their loss to be $4,000 or more. A sister and other relatives of the accused held interviews with one of the defendants in New York after the arrest. The defendant demanded $2,000, and stated that if that was not paid the boy Garson must go to State's prison. An understanding was then entered into providing that this statement should be made to Babet Marx, the mother of Garson, who resided in Syracuse on the premises described in the mortgage. Moved by what was said to her, Babet executed the mortgage, bond, certificate and affidavit. The defendants took the mortgage, payable in two years, and subsequently voluntarily extended it, by a writing, until the death of Babet Marx. Garson was allowed to go on his own recognizance, by the Oyer and Terminer in New York, after the defendants received $1,000, in cash, and the bond and mortgage.

*Julius Livman,* for the appellants.

*Louis Marshall,* for the respondents.

HARDIN, P. J. :

Findings of fact have been made by the Special Term upon conflicting evidence, which bring the case within the authorities condemning the mortgage for undue influence, duress *per minas,*

and fraud. (*Eadie* v. *Slimmon*, 26 N. Y., 9 ; *Haynes* v. *Rudd*, 30 Hun, 239 ; S. C., 83 N. Y., 251.)

Babet Marx was the mother of Garson, who was charged with crime, and she was nervous and feeble in health, mind and purpose; and was overcome by the threats, declarations and acts of the defendants, communicated to her by an understanding entered into in that regard with Lissauer and one of the defendants; and she yielded her will and executed the papers while in terror and fear. Such circumstances warranted the finding by the trial judge of the invalidity of the papers. (*Harris* v. *Carmody*, 131 Mass., 51.)

*Smith* v. *Rowley* (66 Barb., 502) is not adverse to the authorities cited above. In that case, TALCOTT, J., says, the wife executed the conveyance " without any compulsion or other duress except that arising from the circumstances," which were unlike these disclosed in the evidence before us. Second. When Maritz Mark was on the stand he stated the interview held with defendant Lissauer in New York, and the threats and declarations of defendant Lissauer ; and, in answer to a question as to whether defendant Lissauer told him to repeat them to Mrs. Babet Marx, he says " that was the understanding." Mrs. Schoener says such was the understanding or request.

Then Maritz Marx was asked if he did tell Babet Marx " what took place in New York." Then defendant's counsel said, " he does not seem to have been delegated or authorized to repeat." The objection was overruled and an exception was taken, and witness then said " he did tell Mrs. Marx what they said in New York." The ground of the objection was not sound, and no other ground can be taken now. (*Tooley* v. *Bacon*, 70 N. Y., 34 ; *Matter of Crosby* v. *Day*, 81 id., 245.) A ground of objection not stated at the trial cannot be considered now, to overturn the ruling.

*Third.* The defendant set up the statute of limitations, saying the defendants were " not guilty of the supposed grievances alleged in the amended complaint at any time within six years before the commencement of this action." This action was brought more than six years from the execution of the bond and mortgage. Mr. Story classifies duress under the head of actual frauds (Story's Eq. Juris., 239 ; Willard's Equity, 208), and he adds that courts of equity interfere and give relief where it has been practiced and a

proper case is made out. Prior to 1846 relief was given by courts of equity when a consent to the execution of an instrument like the one before us was obtained by undue influence and duress. (*Eadie* v. *Slimmon*, 26 N. Y., 12; *Farmer* v. *Walter*, 2 Ed. Chy., 602, and cases cited.) Section 382 of the Code of Civil Procedure provides for the application of a six years' limitation to actions to procure a judgment "other than for a sum of money" on the ground of fraud in a case which, on the 31st day of December, 1846, was cognizable by the Court of Chancery

The cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff or the person under whom he claims of the facts constituting the fraud. This section has fallen under judicial construction in *Carr* v. *Thompson* (87 N. Y., 162). Mr. Throop says that the change in the phraseology leaves the law as it was under the Revised Statutes. It was provided by them that "bills for relief on the ground of fraud shall be filed within six years after the discovery by the aggrieved party of the facts constituting such fraud." (Sec. 51, title II, 2 R. S., 301, "of the time of commencing actions.") It would seem that such rule was applicable to an action of this character, when the Constitution of 1846 took effect. Of course, it was needful under the old law that the answer should set up the statute of limitations, as was held in *Sears* v. *Shafer* (2 Seld., 275), under the provisions of the Revised Statute quoted. In *Mayne* v. *Griswold* (3 Sandf., 464), it was said that it was the duty of the plaintiff when the complaint shows the fraud was committed more than six years prior to the suit to aver, in anticipation of a defense, that it was not discovered until within six years.

The plaintiffs have not made any such averment in this complaint, and there is no finding upon that subject favorable to them. Indeed the nature of the case before us would seem to indicate that the threats and undue influence and duress relied upon to avoid the mortgage and bond were known to plaintiffs' ancestor for more than six years prior to her death, and were known to the plaintiffs more than six years prior to the bringing of this suit. We are constrained to say the statute of limitations is a defense to this action. Plaintiffs call our attention to *Fisher* v. *Mayor* (67 N. Y., 78), but it does not aid them, as that turned upon the construction of a statute as to the

lien of an assessment, and another statute of limitation than the one found in the section of the Code we have been considering. Nor has *In re Striker* (23 Hun, 647), which was a special proceeding to vacate an assessment, any application to the question before us. We are of the opinion that the plaintiffs' ancestor, on the 22d of May, 1873, might have brought her action to set aside the bond and mortgage for the fraud or duress alleged and found, and that she and some of the plaintiffs *then knew all the facts* constituting the fraud and duress, and that the right to maintain such an action was barred by section 382 of the Code of Civil Procedure, subdivision 5, when this action was brought.

The judgment should be reversed and new trial ordered, with costs to abide the event.

FOLLETT, J., concurred; BOARDMAN, J., not sitting.

Judgment reversed and new trial ordered, with costs to abide the event.