Learned, P. J.
There was evidence sufficient to go to the jury on the question of duress.
The only matter to be examined is that of compounding a felony.
In Haynes v. Rudd (102 N. Y., 372; 2 N. Y. State Rep., 45), after stating the ordinary doctrine that fraud or duress would authorize a party to recover back money, the court said: “Such a right does not exist and cannot be enforced where the consideration of the contract thus made arises entirely upon, or is in any way affected by the compounding of a felony.”
Now, it will be seen by the opinion in that case, and by the opinion in the same case (83 N. Y., 251), that the court assumed that the person who paid the money under duress knew that the consideration was the compounding of a felony. For the opinions speak of the parties as being in pari delicto. This phrase means that each is equally culpable. And there can be no culpability in this respect in a party who does not know that the consideration of the contract, or of the payment of the money, is the compounding of a felony. Compounding a crime is itself criminal. Penal Code, § 125.
Assuming for the present ta matter which seems to me doubtful) that the complaint against Cyrus Devoe stated a crime, we must see whether it is conclusively shown that the plaintiff knew that, in paying the money, she was giving a consideration for the compounding of a crime.
Her husband came with a constable and told her they had taken him on a warrant, and that Davis had caused the arrest. She went to Davis. He said Cy., her husband, had lied to him. Besides he had been coEecting in money that he had no right. He told her to go to her husband and he *728 would explain. She says she gave her bank book because she expected they would take her husband to jail, if she did not. She asked her husband what the trouble was, and he said Davis wants me to pay him $150, and burst out crying. She said, I suppose he means to send you to jail.
Now it is quite consistent with this that the plaintiff beEeved that her husband was arrested on a civil process. There is no indication that she knew that he was charged with any crime.
It is true that the complaint, sworn to by Davis, states that Cyrus Devoe (plaintiff’s husband) had by false pretenceobtained from Davis twenty-six dollars by falsely pretending that he was authorized to demand the same for Davis with intent to defraud Davis. It is not easy to see how a man can falsely obtain money from another by pretending that he is authorized to demand the same for that other. Davis must have known whether Devoe was entitled to demand money from him, for and on behalf of him, Davis.
On this complaint Devoe was arrested and this plaintiff,„ to keep her husband from jail, paid Davis $150 of her own money deposited in a savings bank.
Davis himself knew that she had this money in the bank, for he had made the deposit for her.
Now, before a man can be permitted to retain $150 which he has obtained by working on the sympathy of a woman who fears that her husband may be sent to jail (especially where the claim against the husband is only $26), he should show to the satisfaction of the jury that the woman knew that she was paying the money to induce him to compound a crime. If the jury should believe that she thought her husband was arrested for lying, or for not paying over money he had collected for Davis (in whose employ he was) then they could not hold her culpable in paying this money. And they might find that she paid it under duress.
Judgment should be reversed and a new trial granted, costs to abide event.
Mayham, J., concurs.
The action was to recover money paid to the defendant by the plaintiff while under alleged duress. The plaintiff’s husband was in the employ of the defendant as a peddler. The defendant procured a warrant from a justice of the peace for the arrest of plaintiff’s husband upon a charge of obtaining from defendant twenty-six doHars by means of false and fraudulent representations. This warrant was placed in the hands of a constable, who arrested plaintiff’s husband and brought him before the justice. The defendant and the prisoner, before the magistrate, made an agree,ment that the matter should be settled by obtaining money *729 upon the plaintiff’s bank book. The plaintiff had an account in the savings bank, and a bank book, in which about $170 stood to her credit. This the defendant knew. The justice postponed the examination of the prisoner until the next day. The constable and the prisoner then went to the plaintiff’s house and informed her that her husband was under arrest and that the defendant had caused it. The plaintiff then went and saw defendant and asked him what-was the trouble, and defendant told her that her husband had lied so him, something about a sack of rags, and besides that he had been collecting in money without right, and told' her to ask her husband, that he could explain. She went-back to her house and, in order to prevent her husband, being taken to jail, she delivered her savings bank book and an order to the constable. The constable released her husband, obtained $150 from the bank upon the bank book, paid it to the defendant and the prosecution was never further proceeded with.
The plaintiff also testifies that she did not learn before delivering the bank book the particulars of the charge-against her husband, that there were questions she wanted to ask him but did not because her children were present.
Upon the close of the plaintiff’s testimony, the court directed a non-suit. The plaintiff requested to go to the jury upon thequestion whether the defendant did not obtain the money by means of the complaint, which request was refused.
The court was requested to hold that the complaint before the justice did not charge any offense, which request was. refused.