(70 Misc. Rep. 375.)

## VROOM v. LITT et al.

(Supreme Court, Trial Term, New York County. January, 1911.)

1. PRINCIPAL AND AGENT (§ 159\*)—DURESS.

    One receiving money through duress exercised by his agent is liable for the return thereof, though not personally participating in the wrongful act.

    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 599–613; Dec. Dig. § 159.\*]

2. MONEY RECEIVED (§ 8\*)—MONEY WRONGFULLY OBTAINED—DURESS—WHAT CONSTITUTES.

    The obtaining of money under threats of lawful arrest on a criminal charge, and imprisonment, constitutes duress; the common-law rule requiring a threat of unlawful arrest not obtaining.

    [Ed. Note.—For other cases, see Money Received. Cent. Dig. § 30;. Dec. Dig. § 8.\*]

Action by Gertrude Vroom against Solomon Litt and others. On plaintiff's motion for a directed verdict, or for a trial by the court. Judgment for plaintiff.

William A. McQuaid, for plaintiff.
Delos McCurdy, for defendants.

BENTON, J. At the conclusion of the evidence each side asked the court to direct a verdict. Thereupon the jury was discharged, the case submitted to the court, and argument had on November 12, 1910, and briefs submitted. Plaintiff seeks to recover $1,000 alleged to have been paid Alexander Dingwell, agent and representative of Jacob Litt, under duress per minas. There is no dispute in the evidence but that Dingwell was Litt's agent, authorized to act as general manager of Litt; that he received the $1,000, and paid it over to Litt, who retained it; and his representatives, the defendants, still do retain it.

[1] The case, then, if such duress be established, is within the rule which makes the receipt and retention of the fruits of the fraud devolve a liability upon the principal, though innocent of personal participation in the wrong. Krumm v. Beach, 96 N. Y. 398. Plaintiff and her husband were about to sail for England. Dingwell said to her:

"'You cannot sail for Europe. You cannot take that steamer to-night.' I asked why. He said, 'You cannot, unless you give me $1,000, because Mr. Vroom had no right to make the contract he made, and I shall have him arrested before he takes the steamer, if you don't give me $1,000 of the advance royalties back.' He said that Mr. Vroom had made a contract, had received money from Mr. Litt under false pretenses; that he could supply the play, etc.; that he had discovered Mr. Vroom had no right to make the contract," etc.

Plaintiff gave her check and sailed. Defendants contend that the threat was of an arrest in a civil action. Plaintiff's testimony shows that she understood it to be an arrest for obtaining money by false pretenses. That would generally mean a criminal arrest. Words must be taken as generally used, nor should we refine to a nicety, un-

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

less we afford the crafty opportunity to cunningly and intentionally gain a wrongful benefit without incurring liability. I believe both Dingwell and plaintiff understood the words to threaten arrest upon a criminal charge.

[2] The common-law rule that there must be a threat of unlawful arrest, and imprisonment, no longer prevails. The phrase "duress per minas" may be used for brevity or convenience, even though the action be one to declare void a contract obtained by coercion and recover the money paid.

"However we may classify the case, the rule is firmly established that in relation to husband and wife, etc., each may avoid a contract induced and obtained by threats of imprisonment of the other, and it is of no consequence whether the threat is of a lawful or unlawful imprisonment." Adams v. Irving National Bank, 116 N. Y. 606, 611, 23 N. E. 7, 8, 6 L. R. A. 491, 15 Am. St. Rep. 447.

Judgment is ordered for plaintiff for $1,000, with interest from date of demand, to be computed and entered by clerk. This may be treated as a direction of a verdict, but the better practice in this case seems to me to be to regard the trial by the jury as waived and submit findings; but plaintiff's counsel may act as advised.

Judgment for plaintiff.