1835.

FARMER
v.
WALTER.

FARMER v. WALTER.

If a party is arrested by due process of law for a demand claimed to be due and choses to compromise, by giving his note or bond for the purpose of obtaining his liberty, although, for the want of bail he may be unable to obtain it in any other way, yet such compromise will not be, therefore, set aside nor the security decreed to be delivered up. There must be fraud or illegality in the proceeding or in obtaining the security.

The bill showed that the complainant, Richard H. Farmer, late of the island of Antigua, being on a visit with his family at Philadelphia, was unexpectedly arrested at the suit of the defendant, Jacob D. Walter and others, executors of John J. Walter deceased, and at the immediate instigation of the said Jacob D. Walter formerly of Antigua but at New York at the time the bill was filed and in Philadelphia when the arrest took place. That he, the complainant, was so held to bail in the sum of twenty thousand dollars, and being a stranger and without friends, he was thrown into the debtor's prison; that the action was commenced without demand or intimation; that the claim against him arose out of a lease of an estate in Antigua, of which he was a lessee; that, with a single exception and that in a very trifling amount, he was never before sued and never before imprisoned and his incarceration was the source of the most agonizing affliction to his family and mortification and pain to himself—so much so that almost any terms for his release would have been complied with. That on the day next after his said arrest, the said defendant, Walter, proposed to the complainant, as the only terms upon which he was willing to grant him a discharge, to receive the complainant's promissory note for three thousand pounds Antigua currency or six thousand six hundred and sixty-six dollars and sixty-six cents United States currency; and finding himself without friends or any other

*October* 13, 1835.

*Jurisdiction. Security given under duress. Debtor and creditor.*

means of release and more especially to relieve his wife from an almost distracted state of mind into which she had been thrown, he finally consented to give and did give the proposed note, payable on demand, to the order of the said Walter; and that such note was still in his (Walter's) possession or under his control. That at the time of giving the note, he explicitly told the defendant he did not thereby admit any indebtedness. And the complainant averred the said note to be without consideration and that the same was extorted and fraudulently obtained; and that he had sustained damage and loss from the said Walter, on account of a forcible entry and possession of the premises contained in the said lease. That the defendant, when he left Antigua, brought letters directed to the defendant, but had concealed and retained the same; that the defendant had brought an action against the complainant in the island of Antigua, to settle the matters in controversy under the lease, which was still pending. Prayer that the said Jacob D. Walter might be decreed to give up the said promissory note to be cancelled; and for further relief. Also, for an injunction restraining him from parting with the said note and from instituting any proceeding at law thereon.

A general demurrer was interposed.

M. *F. B. Cutting*, in support of the demurrer.

Mr. *Van Wagenen*, for the complainant.

*February* 8, 1836.

THE VICE-CHANCELLOR:—This is a general demurrer, for want of equity, to the discovery and relief sought by the bill.

When a person is illegally imprisoned or restrained in his liberty and he enters into an obligation or gives a note to the party causing the restraint, the same is voidable at law for duress: *Thompson* v. *Lockwood*, 15 J. R. 259; and a court of equity will also relieve on the ground of fraud and extortion: *Dyer* v. *Tymewell*, 2 Vern. 122. So, if a man is arrested by due process of law and a wrong use is made of the arrest, such as requiring him to do an act foreign to the purpose for which he was arrested—or if, while

1835.

FARMER
v.
WALTER.

in custody, he is put under any unlawful deprivation or restraint, the original arrest will be construed to be unlawful; and this court, upon the ground of fraud and duress, will relieve the party from the consequences of the act: *Nicholls* v. *Nicholls*, 1 Atk. 409.

But it never can be that, if a party is arrested by due process of law for a debt or demand claimed to be due and he chooses to compromise, by giving his note or bond for the purpose of obtaining his liberty, although for the want of bail he may be unable to obtain it in any other way, that such compromise will be set aside and the bond or note be decreed to be delivered up. There must be something to denote fraud or illegality in the proceeding or in the mode of obtaining the security to authorize the court to interfere.

In the present case, there are no such circumstances. The complainant was arrested and imprisoned by due process of law, issuing out of a court of competent jurisdiction, which might have relieved him on bail or without bail or for any good cause shown to the court. Nor was there any tortious use made of the imprisonment to force him to give the note in question. The arrest being a lawful one and no improper use being made of it afterwards, there was no duress but such as the law tolerates: Com. Dig. Pleader, 2 W. 19.

The circumstances, as set forth in the bill, that the complainant was unexpectedly arrested—that he was a stranger and without friends in Philadelphia—was never before sued —that his imprisonment was a source of affliction to his family and mortification to himself—and that, to relieve his wife from an almost distracted state of mind, he was induced to accede to terms of compromise and to give the note : are not such as show a fraudulent design or intention by these means to extort from him what the defendant (the plaintiff in the suit at law) knew or believed he was not entitled to. Fraud cannot be implied from such circumstances. If there had been no previous indebtedness to serve as a consideration for the note, the complainant should have contested the matter at law and taken measures for his discharge, by an application to the proper authority. Once establish it as a rule of equity that, because a party is arrested and impri-

soned and unable to give bail in a suit at law for a debt which is honestly claimed to be due from him, the plaintiff cannot lawfully compromise and take a valid security for the demand or any part of it, and the situation of imprisoned debtors will be rendered more durable and oppressive than ever—or, if a person, under such circumstances, after effecting his liberation, by a compromise and security, can immediately turn round and compel his creditor to give up the security, it is very plain that the whole object of compulsory process of courts of law will be defeated. There is some reason to believe, from the statements in this bill, that the giving of the note in question was a mere artifice to evade the process and obtain his liberation.

It is not alleged in the bill that the suit was wantonly or maliciously commenced and without cause of action. Although the complainant states his belief that, by charging the defendant with damages for a trespass, in forcibly taking possession of his leasehold estates in Antigua, the defendant would be indebted to him and although concealment of letters from complainant's agent in the West Indies is alleged, it does not appear that such concealment was continued until after the compromise was agreed upon and the note was given. The letters were delivered to him on the same day; and the inference is that the delivery was before the compromise, for every fact is to be taken most strongly against the party pleading it. Hence, it must be concluded the complainant knew before and at the time he gave the note, all that he has alleged and cannot be allowed to urge that the compromise was effected through ignorance of his rights or by fraud and concealment of facts, which, though insinuated, are not expressly charged.

My opinion is that the bill contains no sufficient ground for equitable interference; and that the demurrer is well taken.

Demurrer allowed, with costs.