KNAPP *vs.* HYDE.

In order to avoid an act on the ground of menace of arrest or imprisonment, it must appear that the menace was of an unlawful imprisonment, and that the party was put in fear of such imprisonment, and was induced by such fear to do the act in question.

It is not such menace as will avoid an act, if the party is only menaced by a lawful imprisonment.

Where the defendant, at the time of making a promissory note, was not under arrest or imprisonment, but was at his residence in this State, where he had committed no criminal offense for which he could be arrested or imprisoned; having made, at most, as was alleged by the payee, only some fraudulent representations in respect to the value of land upon which he had a mortgage that he had sold to the payee of the note; which sale, and the representations that induced it, were made in the State of Illinois; *it was held* that as there was no ground for the defendant's arrest, in either State, on a criminal charge, or for his being taken to Illinois in any criminal proceeding for such fraud, a threat of such an arrest constituted no defense to an action upon the note.

ACTION upon a promissory note made by the defendant, dated at Auburn, N. Y., January 12, 1866, by which he promised to pay to Spafford & Penfield, at the Cayuga County National Bank, $1073.09, and interest, one year from date. The plaintiff alleged, in the complaint, that the note was duly indorsed to him, by the payees, for value; that he was the lawful holder and owner thereof. He also alleged the presentment of the note for payment, at maturity, demand and refusal of payment, protest, and notice thereof.

Knapp *v.* Hyde.

The defense set up in the answer was that the note in suit was made in settlement of a claim made by the payees for a deficiency arising from the sale of certain lands in Illinois, a mortgage upon which the defendant had previously sold and assigned to the payees; and through fear of an arrest on a criminal charge, viz., for false representations alleged to have been made by him on the sale and transfer of said mortgage. The defendant alleged that said note was executed by him, and delivered to the payees, without any good, valid, valuable or legal consideration. That it was obtained and procured by fraud and threats of a criminal prosecution against the defendant, and under the fear and terror occasioned thereby. That said note was taken by and for said Spafford & Penfield, and was held and owned by them until the same, by its terms, fell due and payable. That the plaintiff did not receive said note till after the same, by its terms, came due and payable; and that he well knew when he received said note that the same was executed and delivered without consideration, and that the same was void by reason of fraud, and the illegal and improper manner in which the same was obtained from the defendant. The defendant admitted the non-payment and protest of said note, as stated in the complaint, and denied each and every allegation in the complaint contained, not expressly admitted.

On the trial, at the circuit, it was admitted and stipulated that the plaintiff was the holder and owner of the note in suit, and the same was transferred to him for value after it became due.

When the plaintiff rested, the defendant's counsel asked leave to go to the jury upon the question of fear and duress. They asked the court to charge the jury to find upon the question of fact whether this defendant was compelled or caused to sign this note by fear or compulsion of the payee. The court declined so to charge, and directed the jury to find that there was no evidence to prove that there

was duress, and to find a verdict for the plaintiff for the amount of the note and interest, $1382.72. To which ruling and charge the defendant's counsel excepted. The jury found a verdict in favor of the plaintiff for the above amount. Time was given to the defendant to make a case and exceptions; and the same were directed to be heard in the first instance at a general term.

*Davie & Payne*, for the plaintiff,

*D. Baldwin*, for the defendant.

*By the Court*, E. DARWIN SMITH, J. This case was rightly disposed of at the circuit. There was really nothing to submit to the jury on the question whether the defendant was compelled to sign the note in suit by fear or compulsion of the payee, which was the only question that the circuit judge was asked to submit to the jury.

The defendant was not under arrest or imprisonment— was at his place of residence in Auburn, in this State, where he clearly had committed no criminal offense for which he could be arrested or imprisoned. At most, he had made, as was alleged, some fraudulent representations in respect to the value of some land upon which he had a mortgage, which he had sold to the payee of the note on which the action was brought. This sale, and the representations which induced it, were made in the State of Illinois. If the defendant had made the false representations alleged, he was liable in a civil action, in this State, or in Illinois, if he went into that State voluntarily, to be arrested for the fraud; but in neither State was there any ground for his arrest in a criminal action. He could not have been taken to Illinois in any criminal proceeding for such fraud. But the fact of the fraud had been discussed in letters between the defendant and his friend, by the name of Hall, living in Illinois. He knew

Knapp v. Hyde.

of the charge made by the payees, Spafford & Penfield, and he had agreed or proposed to settle their claim, before the witness Penfield came to Auburn, and was told by him when he came to see him, that he "had come to arrange the Jackson matter, in accordance with his proposition, mainly." He had thus, in his letter to Mr. Hall, his friend, recognized the justice of the claim made against him. He was not, therefore, surprised at the visit of Penfield, or the claim. He could not have been induced, upon any just ground of fear of arrest or imprisonment, to sign said note. But a threat to arrest him on such charge would not constitute duress. The claim was not an unfounded one. It is not such menace as will avoid an act, if the party is only menaced by a lawful imprisonment. In order to avoid an act on the ground of menace of arrest or imprisonment, it must appear that the menace was of an unlawful imprisonment, and that the party was put in fear of such imprisonment, and was induced by such fear to do the act in question. (*Alexander* v. *Pierce*, 10 *N. Hamp.* 498. *Eddy* v. *Harris*, 17 *Maine*, 340. *Story on Cont.* 400.)

The note is dated January 12, 1866, and is payable in one year from date. In the postcript to the respondent's letter to his friend Hall, at Rockford, Ill., dated Dec. 16, 1865, he wrote: "My proposition is to pay up the judgment against Jackson, or that portion of it which remains unpaid, which is about $1000, by giving my note payable in one year with interest."

When Penfield, one of the payees, more than a month afterwards, came to Auburn to accept and consummate this proposed arrangement, and take the note they offered, it is preposterous to say that such note was procured by duress and fear. It was, on the contrary, given without complaint or fear, and in pursuance of a moral obligation, though perhaps unwillingly.

A new trial should be denied, and judgment ordered on the verdict.

Judgment accordingly.

[Monroe General Term, December 6, 1869. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]