ALFRED F. DUNHAM, Respondent, *v.* EDMUND GRISWOLD, Appellant.

Where the parties, in settlement of a disputed claim, agree upon the amount due, and the one against whom the claim was made executes a written agreement to pay the sum so fixed, in an action upon the agreement he is precluded from setting up as a defense that nothing was in fact due.

A mere threat to sue upon a claim, and to arrest the person against whom it is made in such suit, or by virtue of an execution which may be issued upon a judgment obtained therein, is not such duress as will avoid a promise to pay the claim, induced by the threat.

Where it is claimed that a promise was obtained by duress, and it appears there was no arrest and no actual force used, but simply threats, the question as to duress is ordinarily one of fact, and may not be determined as one of law.

It is not sufficient to establish duress to show that the threats were uttered, it must be shown that they constrained the will of the promisor, and so induced the promise.

(Argued October 12, 1885 ; decided October 27, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 13, 1883, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*James J. Fox* for appellant. The alleged account stated and agreement are not binding on the defendant, since they were executed by him under duress, caused by threats of a criminal prosecution and imprisonment on a criminal charge, *i. e.*, the charge of swindling or embezzlement. (*Leopold* v. *Senior*, 7 N. Y. Weekly Dig. 438; *Foshay* v. *Ferguson*, 5 Hill, 154; *Mathews* v. *Baird*, 6 Mass. 506; *Sear* v. *Cohen*, 45 L. T. 589; *Haynes* v. *Rudd*, 30 Hun, 238; *Tilley* v. *Damon*, 11 Cush. 247; *Osborn* v. *Robbins*, 36 N. Y. 365; 1 Greenl. on Ev., § 193; 2 id., §§ 121, 301; Bispham's Eq., § 230.) The burden of proof was on the plaintiff, at the close of defendant's case, to either contradict and rebut defendant's evidence, or to show that there was no duress, on the ground that defendant could have been successfully prosecuted criminally on the charge of swindling or embezzlement. (*Appleby* v. *A. F. Ins. Co.*, 54 N. Y. 253; *Wambough* v. *Cooper*, 2 Hun, 428.)

*John H. Clapp* for respondent. The statement of account and agreement was valid and binding upon the parties regardless of the merits of the original claim. (*Adams* v. *Sage*, 28 N. Y. 103; *Wehrum* v. *Krum*, 61 id. 623; *Kidder* v. *Horrobin*, 72 id. 159; *Feeter* v. *Weber*, 78 id. 337.) Threat of legal proceedings, even including arrest, is not sufficient to constitute duress. (*Quincy* v. *White*, 63 N. Y. 370.)

EARL, J. The plaintiff claimed that prior to September, 1881, he intrusted the defendant with certain securities which were to be converted into money and the proceeds invested for him, but that the defendant converted the proceeds to his own use, and he claimed that the defendant was indebted to him on account of such proceeds in the sum of $9,000; and to adjust the claim of the plaintiff, which we may assume the defendant disputed, he settled with the plaintiff and an account was stated in which the defendant acknowledged that there was $9,000 due the plaintiff, and he executed a written agreement to pay the plaintiff that sum. This action was

brought to recover the sum which was thus adjusted by the settlement and which the defendant thus agreed to pay.

It was no defense to this action for the defendant to prove that he did not owe the plaintiff any thing. The plaintiff having made a claim against him and he having disputed it, and the parties having settled the dispute by agreeing upon the amount due in an account stated which the defendant promised to pay, that promise is founded upon a sufficient consideration and can be enforced against him although he might be able to prove that nothing was in fact due from him. (*Stewart* v. *Ahrenfeldt,* 4 Denio, 189; *Wehrum* v. *Kuhn,* 61 N. Y. 623; *Feeter* v. *Weber,* 78 id. 334, 337.)

But the defendant further claims that he made the adjustment and promise and signed the agreement to pay the plaintiff under duress, and hence that he is not bound by the agreement. The facts as to the duress depend entirely upon the evidence of the defendant, and it was, for the trial court, under all the circumstances of the case, to determine to what extent such evidence was entitled to credence. Upon the evidence it was a question of fact whether the agreement was executed in consequence of any duress whatever. The court could have found, and we may assume did find, that the only threats used, if any, were to arrest the defendant in a civil action for the wrong which he had done the plaintiff. The negotiations for the settlement were pending several days. The defendant was not under arrest or restrained of his liberty in any way. He appears to have been a business man in the full possession of his faculties, and the plaintiff was an old man, his uncle. A mere threat to sue the defendant and to arrest him in such suit, or by virtue of an execution which could be issued upon a judgment obtained therein, would not be such duress as would avoid a promise induced by such threat. (1 Pars. on Cont. [5th ed.] 393; *Shephard* v. *Watrous,* 3 Caines, 166; *Farmer* v. *Walter,* 2 Edw. Ch. 601; *Knapp* v. *Hyde,* 60 Barb. 80.) When there is no arrest, no imprisonment, no actual force, and it is claimed that a promise was obtained by duress *per minas,* then whether or not the

promise was obtained by duress must usually be a question of fact, and the question cannot be determined as one of law. It' is not sufficient in such a case to satisfy the trial court that the threats were uttered ; but it must also be shown that they constrained the will of the promisor and induced the promise. The trial court in this case was not bound to believe the defendant when he testified that he made the adjustment with the plaintiff and signed the agreement to pay him the $9,000 solely in consequence of the threats. Whether he did or not was, under the circumstances disclosed in this case, and from the character of the evidence given, an inference of fact with which we have no jurisdiction to interfere.

The judgment should be affirmed.

All concur.

Judgment affirmed.