Bartlett, J.
We think this case ought to have been submitted to the jury. The plaintiff derives his claim from Walker, Goicouria & Co., a firm of stock brokers, and the action is based upon an account to which the defendants are said to have assented by the execution of a paper in these words:
"Walker, Goicouria & Co.
“ Gents—We have received your account, and the balance of indebtedness against us of $17,882.29, is correct, and will be paid by us.
“ Respectfully yours,
“ WILLIAM D. HARRIS, “FIELDING L. WILLIAMS."
The defendants aver that their signatures to this paper were obtained by fraud and misrepresentation, exercised in the first place, upon the defendant Harris, who was induced to sign it by the false statement that the defendant, Williams, had previously agreed or consented to sign; and in the second place, upon the defendant, Williams, who was induced to sign it by the false statement that the defendant, Harris, had signed after looking over the paper, *480 and examining the matter to which it related, and finding it all right. Evidence was introduced tending to prove the truth of these averments. The testimony of the defendant, Harris, shows that, at the time he was requested to sign the paper, he had never examined the monthly statements made by Walker, Goicouria & Co., in regard to the stock transactions, to see if they were correct; that he did not know, of his own knowledge, that they were correct; that the reason Hr. Walker gave for asking hini to sign the statement, was that he could use such a paper in his business, and that Hr. Walker further stated that the defendant Williams was willing to sign it and had consented to do so. The testimony of the. defendant, Williams, indicates that he had never expressed any such willingness, or given any such consent, and that he affixed his signature in consequence of Hr. Walker’s statement that the defendant Harris had examined the accounts and had found them all correct and had then signed the paper.
The execution of this written admission by the defendants was certainly strong evidence that an account had been rendered and balanced between them and Walker, Goicouria & Co., and that they had assented to the balance; but this proof of assent did not preclude them from showing that they signed the paper in consequences of fraudulent misrepresentations. A similar adjustment was relied upon in the case of Dunham, v. Griswold (100 N. Y., 224), and there the defendant was allowed to introduce evidence tending to show that he signed the agreement under duress. The false representations by which the defendants here say they were misled, were such as might well have induced each to suppose that the other had verified the correctness of the accounts rendered, in which they were both interested, and each might naturally be willing to make the admission contained in the paper, if he believed the other was satisfied that it accorded with the truth. Under these circumstances, the alleged misrepresentations were most material, and if satisfactorily proved, would go far towards destroying the effect of the writing.
There can be no doubt that, in order to constitute an account stated, there must be not only an examination of the claims involved in the account, but an agreement as to their allowance. Less than this will not suffice. Lockwood v. Thorne, 18 N. Y., 286. Here was evidence which, if believed, would have warranted the jury in finding that at least one essential element of an account stated was wanting.
If the defendants testified truly, they knew very little about what was in the account to which the memorandum referred, and their signatures to that memorandum were procured by statements which were false in fact. With *481 this evidence in the case, the defense was sustained by sufficient proof to require it to be submitted to the jury.
In behalf of the respondent, it is argued that the defendants on the trial expressly conceded the several accounts to be correct. We do not find that the testimony goes so far as this. It is true that the defendants did not appear to have objected to the accounts, and that the defendant Harris admitted owing something, and that the defendant Williams was unable to pick out any inaccuracy when on the stand, but they interposed and sought to establish two counter claims, which were in direct hostility to the accounts. If there was an account stated, as claimed by the plaintiff, the transactions which formed the basis of these counter-claims would have been merged therein. The suit must stand or fall as an action upon an account stated, and there being no such clear admission of liability as demanded the direction of a verdict against the defendants, the question of whether an account had been stated or not, upon all the evidence applicable to that issue, should have been left to the jury for determination.
The judgment appealed from must be reversed and a new trial ordered, with costs and disbursements to abide event.
Brady and Daniels, JJ., concur.