Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*J. C. & W. J. Donohue,* for appellant.   *Fred'k Wm. Sherman,* for respondent.

DYKMAN, J.   This is an appeal from an order of the county court of Westchester county striking out portions of the answer of the defendant in this action which is pending in that county court.   An examination of the answer discloses no redundant or irrelevant allegation, except perhaps the charge that no action had been commenced against the brother of the defendant, to whom the board was furnished.   That averment may be unnecessary, but no other objection can be lodged against the answer, and the order is much too broad and sweeping.   The order should therefore be reversed, with $10 costs and disbursements.   All concur.

---

MARICLE *v.* BROOKS.

*(Supreme Court, General Term, Fourth Department.   January 19, 1889.)*

RELEASE AND DISCHARGE—PLEADING—REPLY.
    In an action on a contract of hiring, where the answer sets up a settlement and discharge as a defense, no reply is necessary.

Appeal from circuit court, Broome county.

Action by Percival Maricle against L. S. Brooks.   Judgment was entered on a verdict for plaintiff, and defendant appeals.

Argued before FOLLETT, P. J., and KENNEDY, J.

*E. C. Moody,* for appellant.   *Edmund O'Connor,* for respondent.

KENNEDY, J.   Action to recover pay for services rendered by the plaintiff for the defendant, and at his request.   It appeared upon the trial that the plaintiff entered the employ of the defendant on the 12th day of April, 1886, and continued in such employ until March 30, 1887, and that by agreement he was to be paid $25 per month during said term.   He was paid $49 only on account of such service.   The defendant sought to avoid payment by showing a settlement, and produced upon the trial a receipt, signed by the plaintiff, acknowledging full payment and satisfaction for said services.   The paper was executed on the 30th day of March.   Evidence was given tending to show, and the jury found, that the plaintiff was induced to make said settlement and execute said release by *duress per minas* on the part of the defendant.   The defendant charged the plaintiff with having embezzled and wrongfully appropriated to his own use money belonging to the former and received by the latter as his agent, and in and about the conduct of the business by him, and threatened him with imprisonment therefor.   That, although innocent of the offense charged, and declaring such innocence, through threats and fear of imprisonment he was induced to execute the receipt or release, nothing being paid by the defendant therefor.

We think the evidence justified the finding that the alleged settlement was procured by fraud and duress on the part of the defendant.   *Foshay* v. *Ferguson,* 5 Hill, 154; *Haynes* v. *Rudd,* 30 Hun, 237.   The question was one of fact.   *Dunham* v. *Griswold,* 100 N. Y. 224, 3 N. E. Rep. 76.   The pleadings were sufficient to justify the recovery.   The plaintiff counted on a contract for labor and services.   The defendant set up a settlement and discharge as a defense.   This was not a counter-claim, and required no reply.   Upon

the trial the plaintiff, to defeat the alleged settlement, showed it was obtained by fraud and duress, and without other consideration. Judgment and order appealed from affirmed, with costs. All concur.