BARTLETT v. BUNN et al.

DEAN v. SAME.

*(Supreme Court, General Term, Third Department.  December 11, 1889.)*

1. POWER OF ATTORNEY—ACCOUNTING—PLEADING.
    A complaint for an accounting, which alleges that defendants failed to account for their proceedings under a written power of attorney, will be dismissed, where it appears that defendants had ceased to act under the power on a certain day, up to which they had been released by plaintiffs, though one of them did act under a subsequent verbal arrangement.

2. APPEAL—HARMLESS ERROR.
    Where defendants rely on the release, plaintiffs may show that it was obtained by fraud or mistake, and, having failed so to do, they are not prejudiced by a refusal to allow an amendment praying to have the release set aside on account of fraud.

3. SAME—FINDING OF REFEREE.
    A finding of fact by a referee, which is supported by sufficient evidence, will not be disturbed on appeal.

Appeal from judgment on report of referee.

These were two actions by Emily B. Bartlett and Laura V. Dean, respectively, against T. Romeyn Bunn and Israel I. Buckbee, for an accounting under a written power of attorney.  The cases were referred to a referee in Montgomery county, and from the judgments on his report in dismissing the complaints plaintiffs appeal.

Argued before LEARNED, P. J., and LANDON and PUTNAM, JJ.

*E. J. Maxwell,* for appellants.   *W. L. Van Denburgh* and *Charles S. Nisbet,* for respondents.

PUTNAM, J.   The two actions were brought against defendants as attorneys under a written power dated September 27, 1883, wherein plaintiffs authorized defendants, (and one John T. Bunn, since deceased,) or any two of them, to rent, sell, divide into lots, manage, and control lands of the plaintiffs in Amsterdam, N. Y., and in Rahway, N. J.   Plaintiff Bartlett revoked her power on March 6, 1885, and plaintiff Dean on April 20, 1888.  The complaint alleges that defendants had failed to account for their proceedings under said written power, and asked for an accounting.   On the trial it was proved by a sealed written release, executed by plaintiffs, dated October 24, 1885, that there was an accounting between defendants and plaintiffs up to June 13, 1885, and that plaintiffs released for all acts of defendants to that time.   It was undisputed that defendant Buckbee ceased on March 6, 1885, to act as attorney, and the referee found, on sufficient evidence, that defendant Bunn also, on March 6, 1885, ceased to act under the said power.   It would be difficult to perceive how he could act under it without Mr. Buckbee, it requiring the concurrence of two of the attorneys.   We think the conclusion of the referee that both defendants ceased to act under the written power after March 6, 1885, was fully justified by the evidence.   Defendant Bunn did act for the plaintiffs and the other heirs of Thomas Bunn, deceased, after the release, but he so acted under a subsequent and a verbal arrangement, not counted on or set out in the complaint, and therefore his proceedings under the verbal arrangement are not proper to be considered in this action.   There was no request to amend the complaint to recover in this action for collections individually of Bunn under the verbal arrangement.   The complaint claimed simply an accounting of the two defendants, Bunn and Buckbee, under the written power of attorney.   Now, as stated above, there was a written and sealed release executed on October 24, 1885, which released defendants from all acts and collections up to June 13, 1885, and which acknowledged full settlement up to that time, and the referee has found that defendants did not act under said power after June 13, 1885, on sufficient evidence.   Hence the claim of plaintiffs, made in the complaint and asserted in their

brief, that defendants had failed to render a just and true account of their proceedings under the power of attorney, is disproved by the most conclusive and satisfactory evidence, viz., a written and sealed release, which acknowledged a full settlement up to and after the latter defendant ceased to act as said attorney, and on the evidence the referee did not err in finding accordingly.

The plaintiffs claim that the referee erred in denying the plaintiffs' motion to amend the complaint. If an amendment was necessary, it is not clear that the amendment asked for could be properly allowed on the trial. Plaintiffs asked to amend their complaint by inserting allegations of fraud and mistake in procuring the execution of the release, and to have the release set aside on account of fraud. The action was for an accounting of attorneys, and the amendment sought to be injected into the complaint was an equitable cause of action to have the release, which barred the recovery of plaintiffs, set aside for fraud. See *Button* v. *Tow-Boat Line,* 40 Hun, 422. But both parties agree that under the pleadings no amendment was necessary; defendants setting up the release and receipt, plaintiffs could show, without amendment of the complaint, that the release was obtained by fraud. See *Maricle* v. *Brooks,* 5 N. Y. Supp. 210. This being so, plaintiffs could have shown on the trial that the release was obtained by fraud. They failed to do so, and our attention has not been called to any evidence offered by plaintiffs to show fraud in obtaining the paper. The evidence pointed out by plaintiffs refers to transactions subsequent to June 13, 1885, and was only objected to by defendants on the ground that it did not relate to transactions under the power of attorney. Hence, as plaintiffs had the right to show fraud or mistake in obtaining the release, and failed to offer any evidence in that regard, they are not in any way injured by the refusal of the referee to allow the amendment asked for.

The plaintiffs object to the findings of the referee holding that the defendants ceased to act as attorneys under the written power at some time prior to June 13, 1885. We have examined the evidence carefully, and are unable to say that the learned referee did not reach correct conclusions therefrom. It was a question of fact for him to pass upon, there is sufficient evidence to sustain his findings, and they should not be disturbed.

The plaintiffs insist that it appears from the evidence that defendant Bunn, after he ceased to act under the power of attorney, did act under some arrangement with plaintiffs and the other heirs, and that plaintiffs were justly entitled to an accounting, as against Bunn, of those transactions. The trouble with this position is that the complaint does not cover any such claim, nor did plaintiffs ask to amend it in that regard. The complaint simply contained a joint cause of action against Buckbee and Bunn for an accounting for their acts under the written power. The judgment should be affirmed, with costs.