SIMON NEWMAN, Respondent, *v.* HERMAN A. CURIEL and ADOLPH WOOLNER, Jr., Appellants.

*Promissory note — settlement of a claim against a third party, as to the merits of which the maker is ignorant — defense of duress, fraud and failure of considera- tion — evidence.*

To an action brought, by the payee against the maker, upon a promissory note made by a creditor of a corporation of which the maker was not an officer, but in the settlement of whose financial difficulties he was interested, and to sustain whose credit the note was given to a person asserting a claim against the cor- poration, as to the merits of which the maker of the note had no knowledge, a defense was interposed that the note was procured by duress; that it was pro- cured through false representations, and that there was a failure of consideration.

*Held,* that the defendant was not precluded from showing, under the defense of duress, fraud and failure of consideration, that he was induced to give the note through a threat of the plaintiff to immediately attach the property of the cor- poration, and that the plaintiff knew that he had no claim against the corpora- tion, but was in fact indebted to it.

The rule, that where a claim is made by one party, disputed by the other, and subsequently compromised, a promise to pay founded thereon is supported by a good consideration, so that it can be enforced against the promisor although he might be able to prove, if permitted, that there was nothing in fact due from him when the settlement was made, is not applicable to such a case.

APPEAL by the defendants, Herman A. Curiel and Adolph Woolner, Jr., from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 16th day of June, 1893, upon a verdict in favor of the plaintiff rendered at the New York Circuit, and from an order denying the defendants' motion for a new trial made upon the minutes.

*Charles E. Rushmore*, for the appellants.

*Benno Loewy*, for the respondent.

PARKER, J.:

The defendants on the 1st day of July, 1891, were doing business under the firm name of the "United Growers Company."

In conformity with the terms of a written agreement between the plaintiff and the defendants, but executed by only one of the defendants, a firm note for $2,750, payable to the order of the plaintiff in four months, and bearing date July 1, 1891, was made and delivered to him.

The note not being paid at maturity, this action was brought to enforce its collection.

The answer interposed by the defendants embraces three propositions: That the note was procured by duress; that it was procured through fraudulent representations, and that there was a failure of consideration.

Briefly stated, the contention of the defendants, by their pleading and upon the trial, was that the Old Colony Distilleries Company and the Atlantic Compressed Yeast Company (Connecticut corporations) were on the date of the note indebted to them for advances of over $150,000, and in addition they were contingently liable for over $90,000 as indorsers for the companies. Because of such fact one of the defendants was at that time in a distant State conducting negotiations, which it was hoped would so result as to greatly benefit the corporations primarily, and these defendants as creditors secondarily. That the plaintiff being aware of the indebtedness of the corporations to the defendants, and of the negotiations pending, the importance of which to the defendants he fully appreciated, secured the services of an attorney, who had for some time prior been the attorney of the defendants, to go to them and demand an

immediate payment of a pretended claim of his against such corporations, accompanying the demand with a threat that unless the defendants should on that day pay or secure plaintiff's claim that he would at once proceed against the corporations by attachment, and thus interrupt, and probably put at end, the negotiations pending. The defendant Curiel, whom the attorney saw, having no knowledge of the existence of such a claim against the corporations, asked for delay sufficient to enable him to ascertain whether it was of a substantial character and enforcible, but his request was denied, and believing that the plaintiff would carry out the threats which he had made through the attorney, consented to make the agreement and give the note for a claim which subsequent investigation proved to his satisfaction was wholly without foundation. The plaintiff, upon the trial, controverted the facts upon which defendants mainly relied to establish fraud, misrepresentation and want of consideration, and so successfully that the jury, after a charge by the court to which only one exception was taken, rendered a verdict in favor of plaintiff for the full amount claimed to be due.

Defendants assign as a ground of error that the court regarded as applicable to the situation presented the rule which generally obtains where a claim is made by one party, disputed by the other and subsequently compromised, that a promise to pay founded thereon is supported by a good consideration, so that it can be enforced against the promisor, although he might be able to prove, if permitted, that there was nothing in fact due from him when the settlement was made. This rule, defendants contend, is not applicable because plaintiff was not making a claim against them, about the merits of which they must be presumed to have had knowledge, but rather it was a claim against corporations, of which the defendant Curiel was not an officer, and as to the merits of which he had no knowledge whatever. So that there was absent one of the elements which may usually be found in cases of which *Dunham* v. *Griswold* (100 N. Y. 224) affords an illustration, to wit, such knowledge of the circumstances lying at the foundation of the claim made as enables the alleged debtor to determine that it has such support in fact as to make a settlement of it necessary or prudent. Again, it is said that the rule cannot properly be invoked here, because the

purpose of the evidence was not merely to show a want of consideration for the note, but to support defendants' contention that the note was procured by fraud. They insist that if this fact had appeared, the jury might have given it such weight, when considered in connection with the other evidence presented on their behalf tending to show fraud, as would have induced a different finding than that made by them.

Whether it would have had such a result, we need not inquire, as it is sufficient for the appellants' purpose, if the fact which they sought to prove was of such a character that it was their right to have it presented to the jury for consideration.

It seems to be reasonably clear that if the fact had been clearly established that plaintiff, knowing he had no claim whatever against either of the corporations, but that instead he was indebted to them in a considerable sum for goods sold to him, that such fact would have tended in some measure to support defendant Curiel's testimony to the effect that he was induced to make the agreement and give the note, because of his fear that plaintiff would carry his threat of at once attaching the property into execution. Such a fact would have had a tendency to explain, and, therefore, to some extent would have furnished support to Curiel's testimony that to his plea of ignorance touching the merits of plaintiff's claim, and his request for delay long enough to inquire at the general offices of the corporations whether it was meritorious, the plaintiff's attorney interposed a prompt refusal, saying that, unless settled at once, the plaintiff could not be restrained from proceeding by attachment against the corporations. It would have tended to establish that the conduct of the plaintiff was wrongful, and would have supported, in some measure, defendants' assertion that the making of the note was induced through fear of threatened action on the part of plaintiff, which would have jeopardized the large interests of defendants.

Defendants attempted to prove this alleged fact by inquiries of the plaintiff, and of the treasurer of the Connecticut corporations, by the production of the books of the corporations containing the accounts against the plaintiff, and by offering to introduce in evidence checks of one of the corporations, drawn to the order of the Empire Vinegar Works, under the name of which plaintiff conducted business.

The questions put to the witnesses, and the books and checks, were excluded, the court expressly holding that there could be no investigation of the accounts between the corporations and the plaintiff. To the assertion of counsel that plaintiff had no claim, the court said: "I can't help that; if he did not, he asserted it and that is quite sufficient."

We think this was such error as entitles the defendants to a new trial.

The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed and new trial granted, with costs to the appellants to abide event.