ATKINSON et al. v. ALLEN et al.

(Circuit Court of Appeals, Eighth Circuit.    December 2, 1895.)

No. 576.

1. EQUITY JURISDICTION—USURY.

The fact that a note and contract are tainted with usury does not give equity a right to enjoin an action at law thereon, and assume jurisdiction.

2. AVOIDANCE OF CONTRACT—DURESS.

A threat to bring a civil suit for a balance of an overdue account, a part of which is conceded to be justly owing, does not constitute such duress as will avoid a promise made by the debtor under the threat.

3. ACCOUNT STATED.

An account stated cannot be set aside in equity, in the absence of fraud, mistake, or undue advantage.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

This is an appeal from a decree dismissing a bill brought by the appellants, R. G. Atkinson and E. B. Houston, to enjoin the appellees, James H. Allen, Thomas West, and J. C. Bush, from prosecuting an action at law against the appellants upon their promissory note and contract. From 1877 to 1886 the appellants were merchants at Pine Bluff, in the state of Arkansas, and the appellees were commission merchants at New Orleans, in the state of Louisiana. Between July, 1877, and February, 1885, the appellees advanced moneys to the appellants at various times, and the latter shipped cotton to the former, which was sold by them on commission, and its proceeds were credited to their account. During a large portion of this time the appellants agreed to pay to the appellees 8 per cent. per annum interest, and 2½ per cent. commission, on the amount of the advances they received, and also agreed to ship to them each year one bale of cotton for every $10 of their indebtedness, to be sold by the appellees on commission, and that, if they failed to ship that number of bales during each year, they would pay to the appellees $1.25 on each bale of their deficiency. The appellees frequently rendered to the appellants statements of their account, and in each statement they added the interest and commissions to the date of the statement, and then treated the balance, which was always against the appellants, as a new principal. During these years the appellees sold cotton for the appellants which realized about $500,000, and at all times after 1879 the latter were so heavily indebted to the former that they could not pay them, and their credit would have been impaired, and they might have been financially ruined, if the appellees had sued them for the balance of their account; and by these circumstances they were compelled from year to year to renew their agreement to pay these commissions and this interest, in preference to standing an action at law for their debt. The appellants were partners as R. G. Atkinson & Co. in all these transactions, and in February, 1885, Atkinson went to New Orleans, examined, allowed, and settled the account of the appellees against his firm, which disclosed all the charges for interest and commissions of which the appellants now complain. This account showed that Atkinson & Co. owed the appellees $17,929.84, and the latter demanded that the appellants should then give them their promissory notes for that amount, and should agree to ship to them during the year commencing September 1, 1885, 1,793 bales of cotton, and to pay them $1.25 for every one of that number of bales which they failed to so ship, and threatened that, if they did not execute such notes and such an agreement, they would sue them for the balance of this account in New Orleans, before Atkinson could leave that city. Thereupon Atkinson allowed the account, and signed the notes and agreement with his firm name. One of these notes was for $3,250, payable in December, 1885, and the appellants paid it at maturity. The other was for $14,679.84, and was payable in January, 1886. The appellants paid this note, with the exception of $4,886.09

and interest from maturity, but they did not ship any of the cotton according to their agreement. In December, 1886, the appellees brought an action at law against the appellants in the United States district court for the Eastern district of Arkansas, to recover the balance due upon this note and the $2,241.25 which the appellant had agreed to pay for their failure to ship the 1,793 bales of cotton. Thereupon the appellants brought this suit in equity, alleged that the notes and contract were tainted with usury, and were obtained by duress, and prayed that the appellees be enjoined from prosecuting the action at law; that the account which had been settled by the notes be restated, purged of all illegal, unjust, and improper charges and exactions; and that they recover of the appellees any amounts found due them on such restated account. The complaint of the appellants in this court is that the court below dismissed their bill upon this state of facts.

D. H. Rousseau, for appellants.

W. E. Hemingway (M. L. Stevenson, Jacob Trieber, and M. A. Austin, with him on the brief), for appellees.

Before SANBORN and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The grounds on which the appellants sought to maintain this suit in equity were that the note and contract upon which the action at law was founded and the account stated, in settlement of which the note was given, were tainted with usury, and were procured by means of the threat that a civil suit would be instituted in New Orleans to recover the balance of the account, unless a settlement was made and the notes and contract were executed. Amendment 7 of the constitution of the United States provides:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law."

The act of congress of September 24, 1789, provides:

"Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law." 1 Stat. c. 20, § 16, Rev. St. § 723.

If we concede—and we do not decide—that this note and contract were tainted with usury, it is obvious that this bill cannot be maintained on that ground. Usury was as complete and as available a defense to the action at law as it was a cause of action in equity. Levy v. Gadsby, 3 Cranch, 180; U. S. Bank v. Owens, 2 Pet. 527; Andrews v. Pond, 13 Pet. 65; Lloyd v. Scott, 9 Pet. 418; Junction R. Co. v. Bank of Ashland, 12 Wall. 226; Cockle v. Flack, 93 U. S. 344; Allerton v. Belden, 49 N. Y. 373. After the charge of usury is laid aside, neither the bill nor the proof presents any ground whatever for equitable relief. A threat to bring a civil suit for a balance of an overdue account, a part of which is conceded to be justly owing, does not constitute such duress as will avoid a promise made by the debtor under the threat. Dunham v. Griswold, 100 N. Y. 224, 226, 3 N. E. 76; Gage v. Parmelee, 87 Ill. 329, 333; Whittaker v. Improvement Co., 34 W. Va. 217, 225, 12 S. E. 507; Farmer v. Walter, 2 Edw. Ch. 601; Knapp v. Hyde, 60 Barb. 80; Snyder v. Braden, 58 Ind. 143. Such a threat is

but a notice that a legal right will be exercised. It cannot be wrong to exercise such a right, and a creditor who gives notice that he is about to exercise it is certainly not less courteous nor less considerate of the interests of his debtor than he who commences suit without giving any previous notice of his intention.

There was no fraud or mistake in the settlement. The account between the appellants and the appellees was itemized and stated before the notes and contract were signed, and before the settlement was made. This account was carefully examined by the appellant Atkinson. There was no concealment of any of the items about which complaint is now made. The appellants knew that these items were included in the amount for which the notes were given when they were made. The proof is plenary that Atkinson agreed to the account stated, and signed and delivered the notes for its balance, and the contract for the commissions, with full knowledge of every defense and objection which the appellants now present. For more than a year after it was made they acquiesced in that settlement. In August, 1885, five months after they made it, they wrote to the appellees:

"It is our determination to pay you this winter. Have already given you notes in settlement, and we propose paying them at maturity, just as given. This is contract enough. We hereby confirm the note settlement."

They paid more than $12,000 on the notes which they gave, and first attempted to repudiate the account stated, and to defeat a recovery on their notes and contract, more than 15 months after they were delivered. An account stated cannot be set aside in equity, in the absence of fraud, mistake, or undue advantage. Hager v. Thomson, 1 Black, 80, 93; Gage v. Parmelee, 87 Ill. 329, 333; Quinlan v. Keiser, 66 Mo. 603. No grounds for relief were established by the evidence, and the decree below must be affirmed, with costs. It is so ordered.