ALLEN et al. v. JONES et al.

(Circuit Court, E. D. Arkansas, W. D.   April 10, 1897.)

1. INJUNCTION BOND—LIABILITY OF SURETIES.
    The sureties in an injunction bond, where the prosecution of an action is restrained, are liable for the whole penalty, without credit for what has been paid on the judgment finally rendered in such action, it appearing that the unpaid balance of the judgment exceeds the penalty of the bond, and that the whole judgment could have been collected but for the delay caused by the injunction.

2. SAME:
    Where the plaintiff in an action, which was delayed by temporary injunction, pressed the action to judgment with reasonable diligence on the termination of an appeal from a judgment dissolving the injunction, and he was unable, by reason of the insolvency of the defendants, to collect his judgment, the sureties in the injunction bond are liable, though the de-

fendants were solvent when the injunction was dissolved. The court having, in its discretion, announced that it would take no steps in the action at law pending the appeal in the injunction suit, plaintiff was not chargeable with want of diligence in failing to press his action to judgment pending that appeal.

This was an action at law brought by Allen, West & Bush against Wyley Jones and others upon an injunction bond. Heard on motion to credit judgment entered on verdict of jury.

Rose, Hemingway & Rose, for plaintiffs.

J. M. & J. G. Taylor, N. T. White, and A. B. Grace, for defendants.

WILLIAMS, District Judge. At a former day of this term, judgment was entered in this cause, in accordance with the verdict of the jury, in favor of the plaintiffs, and against the defendants. The defendants have presented a motion to enter a credit upon the judgment, and, in order that the question which the motion presents may be understood, it becomes necessary to make a statement of facts either conceded by the parties or established by the verdict of the jury, as follows:

On the 10th of September, 1886, the plaintiffs in this cause instituted an action at law in the United States court at Helena, against R. G. Atkinson and E. B. Houston, to recover an amount claimed against them upon a note and written contract for $6,927.34. Before the defendants in that cause filed an answer, they instituted a suit in equity in the same court to enjoin the prosecution of the action at law, and to cancel the note and contract on which the action was based. The application for a temporary injunction was heard, and the court ordered that upon the execution by complainants of a bond in the sum of $7,000, conditioned according to law, that plaintiffs in the action at law be enjoined and restricted from prosecuting the same until the further orders of the court. Thereupon the plaintiffs in the suit in equity executed a bond, which was signed by the defendants Jones and Triplett, as well as by the intestate of the defendant Talbott, which is in the following language:

"We undertake that the plaintiffs, R. G. Atkinson and E. B. Houston, partners as R. G. Atkinson & Co., shall pay to the defendants, James H. Allen, Thomas H. West, and J. E. Bush, as Allen, West & Bush, the damages, not exceeding seven thousand dollars, which may be sustained by reason of the injunction in this case, if it is finally decided that said injunction ought not to have been granted."

And thereupon all proceedings upon the action at law were suspended until the final determination of the suit in chancery. Both cases were by consent transferred to this court, and the suit in equity came on for final hearing in October, 1894, when a decree was entered dismissing the bill for want of equity. Atkinson and Houston took an appeal to the circuit court of appeals, and the decree of this court was affirmed by it on the 2d of December, 1895, 17 C. C. A. 570, 71 Fed. 58. Pending determination of the cause upon appeal, this court declined to take steps in the action at law; but, immediately after the cause was determined, the plaintiffs in the action at law began to press for a trial, and after considerable delay, caused by de-

murrers, answers, and amendments to the same, it was tried, and a verdict was rendered in favor of the plaintiffs for the sum of about $12,000. As soon as an execution could issue under the statute of Arkansas, one was sued out upon the judgment, and levied upon such property of the defendants Atkinson and Houston as the marshal was able to find. That property was afterwards sold for the aggregate sum of forty-nine hundred and ———— dollars, leaving a balance due upon the judgment in excess of the penalty in the injunction bond. At the time that the bond was executed, Atkinson and Houston were both solvent, and both continued so for a number of years. About 1893, Houston became insolvent. Atkinson became insolvent shortly before or shortly after the final determination of the suit in chancery. After the issuance of the execution above referred to, the plaintiffs brought this action upon the injunction bond, upon the ground that, by reason of the injunction, they had been prevented from making their debt, which they would have made but for the injunction. The verdict of the jury establishes the fact that plaintiffs could have made their full debt out of Atkinson and Houston if the injunction had not issued, and that, by reason of the injunction, they are unable to make upon their debt and interest an amount in excess of the penalty of the bond. The verdict and judgment were for the latter amount, and the defendants now move that a credit be entered thereon of the amount realized from the sale under execution of lands belonging to Atkinson and Houston. The only question presented by the motion is, are they entitled to the credit?

By the provisions of the bond, the defendants obligated themselves that Atkinson & Co. would pay to plaintiffs all damages, not exceeding $7,000, which they might sustain by reason of the injunction; and the contention made on part of the defendants is that this is, in effect, a guaranty of the payment of $7,000; that $4,900, having been paid, is to that extent a compliance with the guaranty; and that the only default is as to the balance. The court would have been glad to reach this conclusion, but is constrained to hold that the obligation is one of indemnity, and not of guaranty. The obligors undertook to indemnify the obligees against all damages by reason of the improper issuance of the injunction, limiting, however, the amount that they could be called upon to pay to the sum of $7,000. To entitle the defendants to the credit sought, they should show either that they made the payment, or that the damage had been reduced by reason of the payment to a sum less than the penalty of the bond. This case presents neither condition. The amount for which they seek credit was realized from a sale of property belonging to the defendants in the original action, and in it the defendants in this case had no interest. When it had been applied upon the original judgment, it left a balance unpaid and uncollectible of more than the penalty of the bond. As this balance would have been collected if the bond had not been executed, it is a damage resulting from the execution of the bond and the issuance of the injunction, for which, by the terms of the bond, the defendants herein became liable.

A case in which there was a question much similar is Sessions v. Pintard, 18 How. 106. In that case, the court, speaking of the con-

tention made by the sureties as to the distribution of money resulting from a sale of the property of the principal, say:

"On what ground could the appellants [the sureties] claim a pro rata distribution of this fund [arising from sale of the land of the principal]? They were bound to the extent of the penalty of their bond, on which a judgment was entered. They had a direct interest in the application of the proceeds of the land to the payment of the original decree, including the interest and costs; and, so much as such payments reduced the original decree below the amount of the judgment against them, they were entitled to a credit on the judgment. The judgment has been so made, and the credit entered, and beyond this they have no claim, either equitable or legal."

It follows that the motion must be denied.

In the brief filed by counsel, it is argued that the entire judgment should be set aside, because the court erred in admitting upon the trial evidence to the effect that, pending the appeal in the equity cause, the court announced to counsel that it would take no steps in the action at law; and, in support of this contention, authorities are cited, to the effect that the dissolution of the injunction was not affected nor the injunction reinstated by the taking of an appeal. Upon this proposition of law there can be no controversy, and the court's action in admitting the evidence was in full recognition of the doctrine contended for. But courts have much discretion in directing the conduct of causes before them, and it seems to me, after full consideration of the position taken by counsel, that my action in this matter was justified by the soundest principles of justice, and exacted in the exercise of proper discretion. In the suit in chancery the court had disposed of the issues upon which the action at law proceeded, by final decree. If the action at law had been brought to trial, the appellants in the chancery case (defendants in the law case) would have been bound upon these issues by the decree entered, and the fruits of the appeal, if successfully prosecuted, would have been lost. In order that the defendant in the action at law might enjoy the full benefit of the appeal in case they succeeded, the court deemed it proper to defer trial upon the action at law. If the decree had been reversed, it would have resulted to the benefit of the sureties upon the injunction bond, as well as to the benefit of the principals. During the time that the court, in the exercise of its discretion, declined to proceed with the trial of the cause, the plaintiffs were not in a position to press their action to judgment, and having proceeded immediately after the case was decided on appeal, and havingly failed to realize upon a judgment obtained with all reasonable diligence, the fact, if it be a fact, that R. G. Atkinson became insolvent between the date when the injunction was dissolved and the judgment against him in the law case rendered, would not exonerate the sureties.

The fact remains that, if the prosecution of the action had not been stopped by the injunction, the plaintiffs could have obtained judgment and execution, allowing for all reasonable delays in the administration of the law, before either Atkinson or Houston became insolvent. If there was not sufficient time for them to get judgment and satisfaction after the injunction was dissolved, taking into consideration the same reasonable delays in the admin-

istration of justice, it results that the failure to make the money was brought about by the injunction. If the parties had continued solvent for eight years, and the injunction had then been dissolved, but they had both failed the next day, before it was possible to obtain judgment according to the ordinary course of causes in court, there could be no doubt that the sureties would still be liable. The fact, if it be a fact, that one of the parties was solvent for more than a day after the injunction was dissolved, would not change the result, unless the condition of solvency continued so long as that the plaintiffs, by exercising reasonable diligence in the prosecution of their suit, could have obtained judgment. In this case the delay was reasonable so long as the equity suit was pending on appeal, and after that time the evidence all shows that the plaintiffs prosecuted their appeal with the utmost diligence. So much of plaintiffs' judgment against Atkinson & Co. as they could not make at the date of its recovery is a part of the damage growing out of the wrongful issuance of the injunction; and the evidence to explain the delay was proper, and I am of the opinion that judgment should stand.

Although counsel have not made a motion to set aside the judgment, they have argued with much earnestness the question last considered, and I have deemed it proper to state my views thereon.