NATHAN HARRY SPANIER, Appellant, *v.* JOHN LAZAR and Another, Respondents.

Supreme Court, Appellate Term, First Department, February 27, 1925.

Duress — threats of arrest, prosecution and forcible retaking of property — action to recover damages for money and property given defendants to prevent execution of threats — question of fact for jury — error to dismiss complaint.

It was error to dismiss plaintiff's complaint in an action to recover for money and property obtained by duress, to prevent the execution of threats of arrest, criminal prosecution and forcible retaking of property, where the evidence

warrants an inference that the threats were intended to produce a money settlement, since a question of fact for the jury was raised as to whether or not the settlement was obtained by duress.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Second District, in favor of defendants after trial by the court and a jury.

*Edward Kuntz*, for the appellant.

*Van Ness & Van Ness* [*Roderick Begg* of counsel], for the respondents.

PER CURIAM:

At the conclusion of plaintiff's case the complaint was dismissed in this action to recover for money and property obtained by duress. Plaintiff's evidence showed that he had loaned $400 to one Silver. Silver thereafter sold to him a diamond ring, for which plaintiff agreed to surrender a note and to pay an additional $150. Thereafter defendant Lazar, with his codefendant, who purported to be a city detective, claimed that the ring had been illegally obtained from Lazar by Silver and that irrespective of plaintiff's innocence of wrongful intent they proposed to prosecute him for receiving stolen goods, have him arrested and also go to the home of his *fiancée*, to whom he had given the ring, and take it from her finger, unless he settled the matter. To prevent the execution of these threats, plaintiff gave to Lazar $260 in money and a diamond ring of the value of $250. The purpose of these threats, if they were made, was illegal. If Spanier was guilty, Lazar was compounding a felony. At all events the testimony warrants the inference that the threats of arrest, prosecution and forcible retaking of the ring were intended merely to produce a money settlement. A question of fact for the jury was clearly raised. (*Dunham* v. *Griswold*, 100 N. Y. 224; *Barrett* v. *Weber*, 125 id. 18.)

As was said by EARL, J., in *Dunham* v. *Griswold* (*supra*, 226): "When there is no arrest, no imprisonment, no actual force, and it is claimed that a promise was obtained by duress *per minas*, then whether or not the promise was obtained by duress must usually be a question of fact, and the question cannot be determined as one of law."

Judgment reversed and new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, GUY, McCOOK and PROSKAUER, JJ.