### In re MEN'S CLOTHING CODE AUTHORITY.

District Court, S. D. New York.

Aug. 3, 1936.

542

Meyer D. Siegel, of New York City, for petitioner.

Krause, Hirsch & Levin, of New York City, for trustee-respondent.

PATTERSON, District Judge.

The case is an echo of the defunct National Industrial Recovery Act (48 Stat. 195). Under that act a code for manufacturers of men's clothing was drafted and an association known as Men's Clothing Code Authority was formed. After the decision in Schechter Poultry Corporation v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947, the Men's Clothing Code Authority was adjudicated bankrupt. The petitioner, Wulf Bros., Inc., brought a proceeding against the trustee in bankruptcy to have a bond canceled and to recover certain property deposited as collateral security to the bond.

In the latter part of 1933 a controversy arose between the Code Authority and the petitioner, a manufacturer of men's clothing, respecting the latter's alleged violation of the code requirements on wages. The Code Authority made complaint to the National Compliance Director, who notified the petitioner that the National Compliance Board would hold a hearing on the matter. The hearing was held, the petitioner not appearing, and the Board voted to refer the case to the enforcement agencies. The petitioner wanted N.R.A. labels for its goods, but the Code Authority refused to furnish them in view of the petitioner's alleged violations. The petitioner then sought to adjust the controversy. It agreed with the National Compliance Director that accountants selected by the Code Authority might make an examination of its books and records to determine whether there had been deficiencies in wages, the petitioner to pay the expenses of such examination, and the petitioner agreed further to make good any deficiencies found. In accordance with that agreement it made and delivered a bond dated February 6, 1934, in the sum of $25,000, running to the Code Authority. The condition of the bond was that the petitioner should make restitution of all back wages found due to employees and should pay the expenses of examination of its books and records by accountants designated by the Code Authority. As collateral security for performance of the bond, the petitioner deposited mortgages in the face amount of $33,700 with the Irving Trust Company.

The Code Authority, with the petitioner's approval, selected the firm of Ernst & Ernst as accountants to make the examination. Ernst & Ernst made the examination, found deficiencies in wages, and submitted a bill for services in the amount of $2,915.04. The petitioner declined to pay the bill on the ground that it was excessive.

There the matter rested until May 27, 1935, when the decision of the Supreme Court in the Schechter case was handed down. The petitioner then immediately demanded surrender of the bond and collateral securities, but without success. The Code Authority having gone into bankruptcy, the petitioner filed petition in the bankruptcy court, demanding an adjudication.

that the bond was void and that the collateral security be returned. The referee denied relief. He held that the bond was executed and delivered under duress, but that the petitioner was estopped to repudiate it because of the obligations incurred by the bankrupt prior to repudiation. The petitioner has brought the order here for review.

The claimed duress is that the petitioner was threatened with criminal prosecution. To make a case of duress by threat of imprisonment, it must be shown that the threat was so pressing that it overcame the victim's will and induced his act or promise. Baker v. Morton, 12 Wall. 150, 20 L.Ed. 262; United States v. Huckabee, 16 Wall. 414, 21 L.Ed. 457; Dunham v. Griswold, 100 N.Y. 224, 3 N.E. 76. The proof here shows no such situation. The statement that the case against the petitioner had been referred to the government's enforcement agencies and that the Department of Justice was making an investigation did not amount to duress. Enforcement might have been attempted by civil proceedings as well as by criminal prosecution. The letters in the record indicate that the petitioner feared loss of business because of inability to obtain N.R.A. labels unless it came to some adjustment of the controversy and that it was this fear that prompted it to execute the bond. Duress in making the bond has not been proved.

It is further said that a bond given pursuant to an unconstitutional statute is void. It may be that in general a statutory bond falls with the statute. Poole v. Kermit, 59 N.Y. 554. But here the bond was not one executed pursuant to any provision of the National Industrial Recovery Act. It was made merely as an incident in the enforcement of the act. True, the National Recovery Act officials did not have the powers they assumed to have. They were de facto officers, however; the Code Authority was an actual association, and beyond a doubt many of the contracts made by it were sufficiently valid to be given enforcement in the courts.

These things aside, the situation here is that the petitioner made an engagement to pay the Code Authority, now bankrupt, whatever expenses it incurred by reason of the work done by accountants in examining the books. On the faith of that engagement the Code Authority retained accountants and the accountants did the work, long before the petitioner repudiated its engagement. Even if the petitioner initially had the defense of duress or of invalidity on other grounds, it was estopped to assert the defense after the work had been done. I can see no difference between the case as it actually stands and a case where a company directly hires accountants to examine its books and to make a report bearing on its compliance with the National Industrial Recovery Act and where the accountants perform the required work. In such an assumed case it would certainly be no defense to an action by the accountants for the value of their services that the National Industrial Recovery Act was unconstitutional and void all along. So in this case the bond may be enforced to the extent of the value of the accountants' services.

The order of the referee dismissing the petition will be affirmed.