In the Matter of the Accounting of NORMAN R. STILES et al., as Executors of STEPHEN M. RYDER, Deceased, Respondents. W. C. SEYMOUR, Appellant. — ▓▓▓▓▓▓ Memorandum: We agree with the appellant that the court erred in the exclusion of the evidence of the witness Goffin and in the exclusion of the evidence of the appellant relative to the conversation testified to by the witness Rice, who testified that, although the decedent was present, the conversation was between him and the appellant. Nowhere in Rice's testimony was there any statement that the deceased entered into this conversation. Testimony of the appellant as to his version of the conversation with Rice was not barred by section 347 of the Civil Practice Act as it did not constitute a personal transaction with the decedent. The Surrogate having found " that the deceased was in a position to exercise economic pressures on the " (appellant) and that he " did attempt through

Mrs. Seymour to exert economic pressure on " (appellant), we think the errors in the exclusion of evidence did not affect the final determination of the Surrogate. Usually the question of whether or not there is duress is a question of fact. In *Dunham* v. *Griswold* (100 N. Y. 224, 227) the court stated the rule of law as follows: " It is not sufficient in such a case to satisfy the trial court that the threats were uttered; but it must also be shown that they constrained the will of the promisor and induced the promise." Here the trier of the fact has found that an attempt was made to compel appellant to sign the release but that it was executed freely and voluntarily. As appellant had the burden to establish that the release was not executed voluntarily we cannot say that the finding of the Surrogate was against the weight of the evidence. All concur. (Appeal from a decree in a proceeding to settle the accounts of executors.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.