# SUPREME COURT.

## ANDREW J. BRACKET agt. MILES A. WILKINSON and JAMES WILKINSON.

To an answer under the Code, setting up *payment*, either in whole or in part, the plaintiff cannot *reply*—the reply being now limited to matter set up as a counter-claim. (§ 153.)

But under § 168, an answer, setting up payment in whole or in part, should be deemed controverted and put in issue, and the defendant, on the trial, would be required to prove the same. The plaintiff might, of course, introduce proof to contradict the defendant's evidence, and he might also introduce proof in *avoidance* thereof. He can meet the allegations in the answer by *proof in reply*, showing any legal answer thereto.

The plaintiff may, however, in his complaint, count upon the original indebtedness, and anticipate the defence of payment, and allege matters of fraud in answer thereto. For instance, he may allege an indebtedness for a bill of goods, and state that a note had been given in payment therefor, which note the defendant obtained through fraud and deceit, in putting off upon the plaintiff a worthless bank check therefor.

A plaintiff must be allowed some latitude in stating his case in his complaint, which is to follow the form of pleading in practice formerly in equity, rather than at law.

*Livingston Special Term, Aug.,* 1856.

MOTION to strike out part of complaint.

The complaint in this action set out an indebtedness by defendants to plaintiff for a bill of goods sold and delivered. That a promissory note was given for the amount of the bill of goods, which was not paid at maturity, but the check of a third person on some bank given for the amount thereof, and the note given up at the time to the maker. That the defendants represented the check to be good at the time, when in fact the drawer of the check was insolvent, and had no funds in the bank, and the check had never been paid, and claimed judgment for the original amount of the goods, with interest. Defendants moved to strike out all of the complaint relating to the giving of the note and check, as impertinent.

H. C. BISSEL, *for defendants.*
SCOTT LORD, *for plaintiff.*

E. DARWIN SMITH, Justice. In a case like the present, under the old system of pleading, the plaintiff might have declared upon the original consideration—the indebtedness for the goods sold, and left the defendant to plead payment. To a plea of payment by note or check given and received expressly in payment, he might have replied the fraud, or might have replied to the evidence under a general plea of payment by evidence, showing the fraud.

To an answer under the Code, setting up payment, the plaintiff cannot reply—the reply being now limited to matter set up as a counter-claim. (§ 153.) And as the plaintiff can give no proof except in support or disproof of allegations put in issue by the pleadings, (20 *Barb.* 473 ; 2 *Com.* 361–500; 2 *Seld.* 179,) it is doubted by counsel whether the plaintiff could meet, on the trial, an answer setting up payment by the check, by any evidence of the fraud in reply. This apprehension of the plaintiff's attorney, that he would be precluded on the trial from showing the fraud in giving the check, to an answer setting up its receipt in payment, has led, for greater caution, to *setting up the matter proposed to be struck out*, in anticipation of such an answer.

This apprehension, I think unfounded. (*See* 12 *Howard*, 455.) Section 168 provides, that every " allegation of new matter in the answer not relating to a counter-claim, or of new matter in a reply, is to be deemed controverted by the adverse party, as upon a direct *denial* or *avoidance*, as the case may require."

Under this provision, an answer setting up payment, in whole or in part, should be deemed controverted and put at issue, and the defendant would be required, on the trial to prove the same. The plaintiff might, of course, introduce proof to contradict the defendants' evidence; and he might also introduce proof in *avoidance* thereof, as fully and completely as he could under the old system of pleading by or under any form of reply. He can meet the allegations of the answer by *proof in reply*, showing

any legal answer thereto. In this view of § 168, the matter which the defendants move to strike out of the complaint might have been omitted safely. But yet I think the plaintiff had a right to set forth these matters, so as to call upon the defendants to answer the same, and thus narrow the issue to be tried at the circuit to the fewest possible points. If the defendant cannot deny these allegations, and verify his answer, he can make no defence; but he might perhaps have answered, setting up the giving and receiving the note or the check in payment, and have verified his answer. In this way the plaintiff might have been long delayed in getting his cause to a trial, when there was, in fact, no actual defence.

The plaintiff has a right, in his complaint, to state all the facts essential to a recovery, and to head off any anticipated defence. The complaint in this case consists of nothing more than a *plain and concise statement* of the *facts constituting a cause of action, without unnecessary* repetition. This the Code requires, or allows. (§ 142, *sub.* 2.)

A plaintiff must be allowed some latitude in stating his case in his complaint, which is to follow the form of pleading in practice formerly in equity, rather than at law. The motion should not be granted.

Motion denied, with $7 costs.