### DEFRIES v. FINELITE et al.

(Supreme Court, Special Term, New York County. January, 1915.)

1. RELEASE (§ 24*)—AVOIDANCE FOR FRAUD—RETURN OF AMOUNT PAID.

Where a contract in settlement of a suit provided that the defendant should pay the plaintiff a proportion of the appraised value of certain property less the incumbrance thereon, and defendant fraudulently represented that the incumbrance was greater than it actually was, and thereby secured a release from plaintiff for a less sum, plaintiff might avoid the release and recover the difference between the amount paid and the amount to which she was entitled, without returning or offering to return the amount paid to her, since she was entitled to that amount in any event.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 41–46; Dec. Dig. § 24.*]

2. RELEASE (§ 24*)—AVOIDANCE FOR FRAUD—RELIEF.

Plaintiff can maintain an action at law to recover that difference, without first proceeding in equity to set aside the release for fraud.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 41–46; Dec. Dig. § 24.*]

3. RELEASE (§ 46*)—ANSWER—SUFFICIENCY—DEFENSE ANTICIPATED IN COMPLAINT.

Where the complaint anticipates the defense of release by pleading facts showing fraud in obtaining it, and defendant does not move to strike the allegations, but answers, setting up the release, the answer is insufficient against demurrer.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 86, 88; Dec. Dig. § 46.*]

Action by Sarah Defries against Abraham Finelite and another. On motion by plaintiff for judgment on demurrer to certain defenses, and by defendants for judgment on the pleadings. Motion of plaintiff granted, and that of defendants denied.

Percival E. Jackson, of New York City, for plaintiff.

Abraham Finelite, of New York City (Charles B. Hawkes, of New York City, of counsel), for defendants.

GIEGERICH, J. There are presented for decision cross-motions, one by the defendants for judgment on the pleadings, and the other by the plaintiff for judgment on her demurrer to the first, second, and third separate defenses set up in the answer, striking from the answer such defenses. The complaint alleges that in compromise of cer-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tain pending litigation the plaintiff made an agreement with the defendants to receive in the form of cash and mortgages the amount of an undivided one-sixth interest in certain parcels of real estate, the value of which was to be determined by appraisal, from which value was to be deducted the amount of the bona fide incumbrances on such parcels. The complaint further alleges that the defendants falsely represented to the plaintiff that the amount of such incumbrances was $221,300, and that the plaintiff was paid and accepted her agreed one-sixth share upon that basis, whereas the incumbrances in fact actually aggregated not over $203,300. The complaint contains the usual allegations necessary to an action for fraud and the relief demanded is a money judgment for one-sixth of the difference between the aggregate of the incumbrances as represented and as alleged to actually exist. The defenses demurred to are as follows, respectively: First, a receipt by the plaintiff for specific payments made to her under the agreement and a specific release to the defendants from any further liability growing out of that agreement and the failure of the plaintiff to return or tender to the defendants the payments so received by her; second, a general release by the plaintiff to the defendants; and, third, the acceptance by the plaintiff of the said payments in full satisfaction of all her claims and demands.

[1] On behalf of the defendants it is urged that a party cannot avoid his release on the ground of fraud without restoring or offering to restore the consideration received, citing Kibbe v. Bowen, 18 Jones & S. 422. This is not a case for the application of that principle, however, because no claim is made or can be made by the defendants upon any of the facts set forth in any of the pleadings that the plaintiff has received more than she was entitled to. The only question is whether or not she is entitled to more. In this respect the case is like Smith v. Salomon, 7 Daly, 216, where the plaintiffs brought action for the balance of the contract price of goods sold and delivered and the answer confessed the cause of action, but set up the defense that the plaintiffs, under a composition agreement, had agreed to receive and had received 50 per cent. as full payment. As the court there observed, it is not the case of a party repudiating a contract for fraud and bringing an action to recover for the injury he has sustained. In such a case he must, before the action is brought, restore or offer to restore what he has received under the contract. In the present case, as in that case, the plaintiff has received nothing that on any theory she can be required to give up.

[2] It is further argued on behalf of the defendants that the release is a bar to the action and constitutes a perfect defense until it is disposed of, and that, as the action is at common law, such release cannot be attacked. In order to obtain the limited relief asked for in the action, however, it is not necessary that the release should be set aside. In Smith v. Salomon, above cited, it was said at page 221:

"It is not necessary, however, especially under our present system, that the plaintiff should resort to an equitable remedy. The rights of the parties can be as fully determined in an action against the debtor to recover the residue of the debt, as it would be in an action by the plaintiff to set aside the composition deed, as respects his claim."

It might have been better pleading if the complaint had simply set forth the agreement and alleged that the amount now sued for was still due, instead of anticipating expected defenses, as has been done. In anticipating such defenses the plaintiff has included many allegations which would be appropriate to an action in fraud and deceit, whereas in reality she has a complete remedy in an action for breach of contract, and, indeed, it may be said that that is the only cause of action she has. There is no fraud claimed in the making of the agreement. The plaintiff's only complaint is that the agreement as made was not performed. When an agreement is not performed, it is immaterial whether the nonperformance is due simply to neglect or to fraud. It might have been better if the plaintiff had made her complaint one for damages for breach of contract. The defendants could then have pleaded their releases and accord and satisfaction, and the plaintiff on the trial could have met the proof of the releases with her proof that they were obtained by fraud and were of no effect.

Met. Life Ins. Co. v. Meeker, 85 N. Y. 614, is instructive on this point. There the action was brought to foreclose a mortgage, and the defense was payment and satisfaction. Evidence was given of facts which constituted an estoppel against the defendant to assert that the mortgage had been paid and satisfied. Among other things it was objected on behalf of the defendant that the complaint did not set up the facts so claimed to be established upon which the estoppel was based, and that therefore the judgment was based upon findings of fact not alleged in the complaint; but the court held that all that was required in the complaint was the allegation of facts which, if undisputed, would make out a cause of action, and when the answer set up facts which, if true, would destroy that cause of action, the plaintiff was not bound to reply, but could meet them on the trial by proof in rebuttal or avoidance. The general rule is that the complaint should not attempt to anticipate a defense (4 Enc. of Pl. & Pr. 614), although there have been cases in this state where such pleading has been permitted (Wade v. Rusher, 4 Bosw. 537; Brackett v. Wilkinson, 13 How. Prac. 102).

[3] Without attempting to go into the question whether such of the allegations of the present complaint as are inserted for the purpose of anticipating defenses could be supported against a motion to strike out, it is enough for the present purposes to say that the allegations are in the complaint, and as against the defenses pleaded must be taken as admitted, and therefore those defenses must be held insufficient.

Plaintiff's motion granted, with $10 costs, and defendants' motion denied, with $10 costs, with leave to defendants to amend their answer or otherwise move within 20 days after payment of the costs of both motions. Settle orders on notice.